HERBERT SCHOLICK, Plaintiff, *v.* FIFTH AVENUE COACH COMPANY, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, February 19, 1947.

*Irving Cohen* for plaintiff.

*Edward T. O'Connor* and *Henry J. Smith* for defendant.

LORETO, J. This suit was commenced by indorsement on the summons. The plaintiff seeks to recover damage to the motor vehicle operated by him resulting from collision with defendant's motor bus. The defendant's answer is a general denial.

During the trial it appeared that ownership of the motor vehicle operated by the plaintiff was at that time registered in the name of his father-in-law, who neither was a party to the action nor testified therein.

The plaintiff testified that he not only paid the purchase price of the automobile, but also paid for all its repairs, maintenance and operation. This unrefuted testimony the court credits.

The defendant moved to dismiss at the end of plaintiff's case and again at the end of the entire case on the ground that the plaintiff is not the real party in interest. Decision was reserved on these motions.

This case presents the interesting question whether one claiming ownership of a motor vehicle may recover for damage to it when its ownership was registered in the name of another, the latter not appearing or testifying in the action.

The court answers this question in the negative. The plaintiff has adduced evidence which creates a presumption of ownership. However, his proof also shows registration of the motor vehicle in the name of another. This constitutes presumptive proof of ownership by the latter. (*Ferris* v. *Sterling,* 214 N. Y. 249, 253.) Unexplained and inconsistent with the other proof, it destroys any presumption of ownership by the plaintiff, which would otherwise arise. (*Rawley* v. *Brown,* 71 N. Y. 85.)

Public registration of ownership of all motor vehicles operated within the State is required by statute. (Vehicle and

Traffic Law, § 11.) The statute requires the filing of an application stating, among other things, the name of the owner. Upon its receipt, the Commissioner of Motor Vehicles is required to register the motor vehicle with the name and address of the owner in a book or index kept for that purpose. (Vehicle and Traffic Law, § 11, subds. 1, 2.) The statute provides that any person knowingly making a false statement in an application for registration is guilty of a misdemeanor. (Vehicle and Traffic Law, § 70, subds. 1, 8.)

In *Shuba* v. *Greendoner* (271 N. Y. 189) it was held that it would be against public policy to permit one who deliberately caused a motor vehicle to be registered in his name as owner to be relieved of liability by proving that in fact he was not the owner of the automobile involved in the accident. The court in that case said (p. 193): " The legislature has been very specific in making rules for the purpose of facilitating identification of an owner by the police and the public, fastening responsibility for injuries and requiring evidence of ability to respond in damages to injured persons."

Thus, the registered owner of an automobile is inescapably answerable for damages resulting from its negligent operation and he is subject to criminal liability for false statement in its registration. These ·are serious consequences which may be inflicted upon him by virtue of the registration of ownership in his name.

Therefore, since he cannot disclaim liability to which such registration of ownership would subject him, he should be given an opportunity to make claim for the benefits of ownership in an action where another claims title to the motor vehicle.

The plaintiff's contention that the defense that the plaintiff is not the real party in interest must be deemed waived since it was not pleaded, is overruled. The case of *Massi* v. *Alben Builders* (270 App. Div. 482, affd. 296 N. Y. 767) is not applicable.

In view of the legislative importance given to the authenticity of the ownership declared in the motor vehicle registration, it cannot be said that payment to the plaintiff in this case would protect the defendant from any claim which may be made by the registered owner.

Accordingly, the defendant's motions to dismiss the complaint are granted.