Frank J. Kronenberg, J.
Appeal by defendant from a judgment for plaintiff rendered by the North Tonawanda City Court sitting without a jury. The judgment was for collision damage to an automobile.
The judgment must be reversed because the plaintiff was not the registered owner of the automobile, but had caused it to be registered in the name of his mother, who is the wife of the defendant. It is immaterial that plaintiff paid the repair bill.
Section 11 of the Vehicle and Traffic Law requires vehicles to be registered in the name of the owner. Shuba v. Greendonner (271 N. Y. 189) holds in effect that such distinctions as those between legal ownership and equitable ownership cannot, under this statute, be recognized, at least in collision cases. Accordingly, a defendant in whose name an automobile was registered, was barred from escaping liability by claiming that in fact he was not the owner. Since one may not escape liability by such an assertion, it seems reasonable that likewise he may not impose liability. The public policy embodied in the statute would be equally offended in either case. Scholick v. Fifth Ave. Coach Co. (188 Misc. 476) is precisely in point. (See, also, annotation in 7 A. L. R. 2d 1347.)
The Scholick case intimates by way of obiter that a different result might have obtained if the registered owner had been a party or witness. It seems questionable whether the suggested procedure would be sufficient to smooth the ruffled feathers of the public policy. But that question is not presented on this appeal and is not decided. It may come before the trial court on a retrial, since it is felt that plaintiff should have an opportunity to revise his procedure, if so advised.
The judgment is reversed and a new trial ordered.