Robert P. Kennedy, J.
The two above actions arose out of the same motor vehicle collision and were tried together. Doris Britt was riding in a vehicle operated by Ronald P. Buczak and registered in Judith Buczak’s name at the time of its collision with a vehicle owned and operated by Eleanor B. Perry. Miss Britt brought action against both Buczaks and Mrs. Perry to recover for personal injuries she received in the accident. Mr. Buczak sought to recover for his personal injuries from Mrs. Perry. Mrs. Buczak seeks to recover for the damages to the vehicle registered in her name from Mrs. Perry and, finally, Mrs. Perry seeks to recover for the damages to her vehicle from the Buczaks.
Judith Buczak was not present at the time of the collision and there was no claim that the vehicle registered in her name was being operated by Ronald Buczak for her purposes.
After trial, the jury returned a verdict in favor of Miss Britt against all three defendants and verdicts of no cause of action on all of the other claims. Miss Britt’s counsel moved to set the verdict aside on the grounds of inadequacy. This motion was denied from the Bench. Judith Buczak’s attorney moved to set aside the verdict of no cause of action as regards her claim, on the grounds of inconsistency, and he also moved for a directed verdict in her favor. As to the motion for a directed *657 verdict in favor of Judith Buezak, since no motion for a directed verdict in her favor was made, either at the close of the plaintiff Britt’s case, or the plaintiff Ronald F. Buczak’s case, or when all proofs were closed and before submission to the jury, this motion is denied (CPLR 4401; Holpp v. Carafa, 8 A D 2d 617).
The interesting point is raised by counsel’s motion to set aside the verdict as inconsistent, as it relates to Judith Buczak’s cause of action for property damage. By its verdict, the jury found that both operators, Ronald F. Buezak and Eleanor B. Perry, were negligent. Of course, Mr. Buczak’s negligence cannot be imputed to Mrs. Buezak in her property damage claim (Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755). The question presented is whether Mrs. Buezak was, in fact, the owner of the car. The only evidence presented was that the car was registered in the State of New York in her name. This is presumptive evidence that she owned the car but it is not conclusive proof of title in her (People v. Sapienza, 51 Misc 2d 786). Ronald Buezak testified that he bought, paid for and regularly used the car. Judith Buezak was not present at the trial and, of course, did not testify. If this evidence rebutted the presumption of ownership which arises from the fact of registration in Judith Buczak’s name and showed that Ronald F. Buezak actually was the owner of the car, the jury’s finding of negligence on his part would bar recovery on the claim for damages to the car. The law of this State is that public policy will not allow the registered owner of a vehicle to disclaim ownership in an action brought by a third party to recover damages sustained by reason of the negligent operation of that vehicle: — Miss Britt’s claim here against both Mr. and Mrs. Buezak (Vehicle and Traffic Law, § 388; Shuba v. Greendonner, 271 N. Y. 189). Our situation is the opposite of that presented in Soos v. Soos (4 Misc 2d 727) where plaintiff claimed to be the true owner of the vehicle registered in his mother’s name and sought recovery for damage to the vehicle. The court held there that a defendant in whose name an automobile was registered was barred from escaping liability by claiming that in fact he was not the owner and that since one may not escape liability by such an assertion he likewise could not impose liability. Mr. Buezak seeks to impose liability by asserting that his wife is the owner. Will public policy permit the real owner to escape the consequences of his own negligence and recover damages to his vehicle by taking refuge behind the rebuttable presumption of title in the registered owner ? To this court, and until a higher court *658 rules otherwise, the answer is no. It is implicit in the jury’s verdict that they found that Ronald F. Buczak was the owner of the vehicle he was operating at the time of the collision and that he was negligent.
For the reasons stated, Judith Buczak’s motion to set aside the verdict, as it relates to her claim for property damage, is denied.