James H. Boomer, J.
The plaintiff Woodrow Pugh brings this action for a judgment declaring that he is entitled to coverage under an automobile liability insurance policy issued by the defendant Hartford Insurance Group to the defendant Jenthal Joseph.
The facts are not in dispute. The defendant Hartford Insurance Group had issued a policy of automobile liability insurance to the defendant Jenthal Joseph covering a 1962 Rambler automobile owned by her. On October 8, 1969 the plaintiff, while driving this automobile, became involved in an accident which caused injuries to one Palmer Smith. Palmer Smith brought an action against the plaintiff, and the defendant Hartford Insurance Group has refused to defend the plaintiff claiming that the defendant Jenthal Joseph, to whom the automobile liability policy had been issued, sold the automobile to the plain *1015 tiff prior to the accident; and, because of this, the policy was not in effect at the time of the accident.
Under the terms of the policy, the Hartford Insurance Group agrees ‘ ‘ to pay on behalf of the insured all sums which insured shall be obligated to pay because of bodily injury * * *
sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile.” The word “ automobile ” is defined as “ the motor vehicle or trailer described in the policy ’ ’, and the motor vehicle described in the policy is the 1962 Rambler. The word “ insured ” is defined as “ the named insured ” and any person using the automobile with the permission of the named insured.
It is settled in New York State that “ coverage created or arising out of the ownership, maintenance or use of a described automobile ceases and terminates with the transfer of the ownership of the described automobile, unless notice has been given to the insurer and the insurer consents to the extension of coverage.” (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584, 589.) Plaintiff makes no contention that the insurer was notified and consented to the extension of coverage; hence, if prior to the accident, title to the 1962 Rambler automobile described in the policy had been transferred from Jenthal Joseph, the named insured, we must rule in favor of the defendant Hartford Insurance Group, and dismiss the plaintiff’s complaint.
The proof bearing on the question of the transfer of title to the automobile is as follows:
About three days before the accident, the plaintiff came to the house of defendant Jenthal Joseph, and talked to her husband in her presence. The plaintiff said he wanted to buy the 1962 Rambler and Mr. Joseph said he wanted $25 for it. Another person who accompanied the plaintiff paid $25 to Mr. Joseph for the plaintiff. Mr. Joseph wrote the plaintiff’s name on the automobile registration and asked his wife, Jenthal Joseph, to sign it, which she did, and Mr, Joseph gave it to the plaintiff. Mr. Joseph then removed the license plates from the automobile, and the plaintiff put another set of license plates on the automobile and drove off.
Later it was determined that the plaintiff was given the wrong part of the registration, part 3, rather than the part 4 which is required by the Motor Vehicle Bureau before it will issue a certificate of registration in the name of the new owner. It was not until after the accident that part 4 of the registration was signed by Jenthal Joseph and delivered to the plaintiff.
*1016 When was the ownership of the automobile transferred? The Uniformed Commercial Code provides, “ Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ” (Uniform Commercial Code, § 2-401, subd. [2]). The time of passage of title is a matter of intention between the parties. (See Southern Fire & Cas. Co. v. Teal, 287 F. Supp. 617, 620-621; Bornhurst v. Massachusetts Bonding & Ins. Co., 21 N Y 2d 581.) In determining ownership, the trier of the facts may consider section 2-401 of the Uniform Commercial Code along with the other evidence in the case (Indiana Ins. Co. v. Fidelity Gen. Ins. Co., 393 F. 2d 204, 207).
I conclude that transfer of the ownership of the automobile took place on the day the plaintiff paid for the automobile and took delivery of it by driving it off. The fact that the wrong portion of the automobile registration was delivered to the plaintiff is immaterial, since transfer of registration is not necessary to effect the transfer of title in an automobile. (Motors Ins. Corp. v. Safeco Ins. Co. of Amer., 412 S. W. 2d 584, 585 [Ky.]; Hayes v. Hartford Acc. & Ind. Co., 417 S. W. 2d 804, 806-809 [Term.]; Semple v. State Farm Mut. Auto. Ins. Co., 215 F. Supp. 645.) Transfer was clearly shown by all of the acts of the parties, including the signing and delivery of the registration, even though, by mistake, the wrong part of the registration was delivered.
The facts in the case of Semple v. State Farm Mut. Auto. Ins. Co. (215 F. Supp. 645, supra) are similar to those proven here. There, the automobile liability insurance policy was issued to one Witmer who agreed to sell his car to Semple. Semple paid Witmer the balance of the purchase price and at that time Witmer turned over to Semple the keys to the car and the Pennsylvania certificate of title bearing Witmer’s signature. They both agreed to appear some hours later before a notary public so that Semple might swear to the assignment of the certificate of title. Before this was done, Semple drove the car and injured one Brown. In holding that the insurance policy issued by the defendant State Farm Mutual did not cover Semple, the court stated (p. 647):
“ [I]n Pennsylvania a certificate of title does not constitute more than some evidence of ownership. Witmer’s failure to take the affidavit to the assignment of the certificate did not operate to prevent actual transfer of ownership of the car. The car was a chattel, and the buyer and seller took all the steps *1017 necessary under § 2-401 (2) of the Uniform Commercial Code, 12A P. S. § 2 — 401 (2), to transfer ownership of the car to the buyer, Semple. This section provides: ‘ (2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods * * V
“In this case the car (‘the goods’) was left at Semple’s place of employment at a time when Semple was at that place, and at that time Witmer turned the keys over to him. This constituted physical delivery of the goods, and under § 2-401 (2) title then passed to Semple. Even though the delivery of the keys might be considered a symbolic delivery, as in livery of seisen, they placed in Semple the power to operate the car.
“ At the time of the accident, therefore, the ear was Semple’s and not Witmer’s. When Witmer transferred ownership to the ear he also gave permission to Semple to drive it, but by parting with ownership Witmer divested himself of the power to determine who had permission to drive it. His power to give such permission was then no more than the power of any stranger to give permission. For this reason the ‘ permission ’ provision of the policy could not come into operation to constitute Semple an ‘ insured ’ under the policy. ’ ’
In New York, as well as in Pennsylvania, the registration of a motor vehicle ‘ ‘ does not constitute more than some evidence of ownership.” The presumption of ownership arising from the registration of an automobile is rebuttable. (Britt v. Perry, 64 Misc 2d 655.) “Lacking proof that title to a motor vehicle had previously actually been transferred, after it has been involved in an accident and has caused injury, the registered owner must be presumed to have been the owner thereof and will not be permitted to deny such ownership.” (Bornhurst v. Massachusetts Bonding & Ins. Co., 21 N Y 2d 581, 586, supra.) Here, however, proof of transfer is not lacking and the presumption has been overcome. There are no circumstances here which would estop the defendant Jenthal Joseph from denying that she had transferred title to the automobile, but even if there were, such estoppel would apply ‘ ‘ only in an action by an injured party against the record owner ” (Bornhurst v. Massachusetts Bonding & Ins. Co., 21 N Y 2d 581, 586 supra), and not in a controversy such as this which “ presents solely the interpretation of a contract executed between the insured and the insurer.” (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584, 588, supra; see, also, Musso v. American Mut. Cas. Co., 14 Misc 2d 450, 455.)
*1018 Plaintiff’s request for a declaration that he is entitled to coverage under the liability insurance policy issued to Jenthal Joseph is denied, and judgment is granted in favor of the defendants dismissing the complaint on the merits.