■ Roslyn Cross, Appellant, v Frank Davino et al., Respondents.—In an action *inter alia* to direct defendants to remove certain trees planted by them, the branches of which allegedly extend over the plaintiff's land, the appeal is from a judgment of the Supreme Court, Westchester County, entered April 8, 1976, which is in favor of defendants, after a nonjury trial. Judgment affirmed, with costs, upon the opinion of Mr. Justice Trainor at Special Term. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.

■ Andrew D'Angelo et al., Appellants, v New York Telephone Company, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered December 30, 1974, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact findings have been presented for review. Plaintiffs' vehicle was struck by a telephone truck at the corners of Autumn and Atlantic Avenues in Brooklyn. The defendant denied that its truck had been used with its permission. To establish its defense, defendant called several employees who testified that they had neither been involved in the accident nor had they authorized the unknown driver to operate the vehicle. However, the truck had been taken, without forced entry, into the Bay Ridge shop where it belonged and, at the time of the accident, there were employees on duty at the shop who had authority to operate that vehicle. Under these circumstances it cannot be said that the statutory presumption of permissive use has been rebutted as a matter of law (see Vehicle and Traffic Law, § 388; *Christie v Vineburg, Inc.,* 259 App Div 342; *St. Andrassy v Mooney,* 262 NY 368; *Piwowarski v Cornwell,* 273 NY 226). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.