■ BERNARD GELB et al., Respondents, v BUCKNELL PRESS, INC., Appellant, et al., Defendants.—In an action to declare a purchase agreement, promissory note and guarantee null and void, and to enjoin the defendants during the pendency of this action from transferring the purchase agreement or from collecting moneys due thereunder, the defendant Bucknell Press, Inc., appeals from an order of the Supreme Court, Queens County,

dated July 21, 1978, which denied its motion for partial summary judgment on certain of the counterclaims in the answer. Order reversed, on the law, with $50 costs and disbursements, and partial summary judgment is granted to the defendant Bucknell Press, Inc., in the sum of $149,255.40. The plaintiff Consumers Subscription Center, Inc. (CSC) and Consumer Shopping Service (CSS) sell general merchandise and magazine subscriptions and utilize advertising inserts in *TV Guide* magazine in the course of their business. At the beginning of January, 1978, the defendant Bucknell Press orally agreed with the plaintiff Bernard Gelb, the president of both CSC and CSS, to print certain inserts for the March 11 *TV Guide,* and while the price and terms agreed upon are not stated in the record on appeal, Gelb claims that the March 11 inserts were printed for CSS. Later in January, 1978 Bucknell orally agreed with CSC to print the advertising inserts for the April 15 *TV Guide.* Bucknell subsequently printed and delivered the advertising inserts for the March 11, 1978 issue of *TV Guide* and issued an invoice, dated February 28, 1978, in the amount of $77,604.80 for its services. Gelb then wrote a letter to Bucknell disputing the charges. Nonetheless, the inserts appeared in the March 11 *TV Guide* and the plaintiffs did not pay Bucknell. On or about March 17, 1978, Bucknell's attorneys sent a proposed purchase agreement, promissory note and guarantee to Gelb. The agreement, *inter alia,* provided that CSC and CSS are jointly and severally liable for $77,604.80 for the inserts in the March 11 *TV Guide,* and for "approximately $65,000" for the inserts which were to appear in the April 15 *TV Guide.* On March 21, 1978 Gelb signed, executed and delivered the purchase agreement, promissory note and guarantee. He also signed an accompanying letter which stated that the documents were executed and delivered "without any coercion, duress, fraud or other improper acts". Bucknell subsequently delivered the inserts for the April 15 *TV Guide* and charged the plaintiffs $71,650.60. The inserts appeared in the magazine and again the plaintiffs did not pay the bill. Rather, they instituted this action for a declaration that the purchase agreement, promissory note and guarantee were null and void. In their complaint, plaintiffs alleged that because the defendants refused to do the printing unless the proffered instruments were signed, and it was then too late to secure another printer, the instruments were signed under duress. The defendants denied the allegations of duress and counterclaimed, *inter alia,* for the $149,255.40 owing for the inserts on the theories of accounts stated, goods sold and delivered, and the afore-mentioned instruments. The motion for partial summary judgment with respect to the moneys due and owing for the two sets of advertising inserts was denied at Special Term on the ground that fact issues exist. We reverse. The test on a motion for summary judgment is whether there are issues of fact properly to be resolved by a jury *(Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169). The opponent of such a motion must come forward with evidentiary facts sufficient to raise a triable issue of fact *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260) and a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Here, the plaintiffs opposed the motion for summary judgment with the argument that there were triable issues of fact with respect to who, as between CSC and CSS, was responsible for the contract pertaining to the March 11 inserts, whether the contract was properly performed, whether the March 21 documents were signed under duress, and whether the contract pertaining to the April 15 inserts was properly performed. While it is apparent that a triable issue exists relative to the identity of the vendee under the

contract for the March 11 inserts, to establish duress in the signing of the March 21 documents, the plaintiffs must show that the defendants threatened to withhold their services unless Gelb signed the agreement and that they could not obtain the services from another source (see *Austin Instrument v Loral Corp.,* 29 NY2d 124, 130-131). While plaintiffs make the bald and conclusory assertion that they executed the documents because it was too late to employ another printer to prepare the advertising inserts for the April 15 *TV Guide* when the purchase agreement was presented to them, they have presented absolutely no evidentiary facts to bolster this assertion. Since Bucknell printed and delivered the inserts after the execution of the documents, it is reasonable to believe that another printer might have rendered the same service for plaintiffs. To defeat the motion, plaintiffs were obligated to offer at least some proof that they tried to obtain the printing services elsewhere and were unsuccessful in their efforts, or that for some other reason it was not possible to obtain such services from any other sources. All that Gelb stated in his opposing affidavit was: "Since it was clearly too late to obtain another printer for the job number two, I was forced to sign all the papers presented." In the absence of any supporting facts, such a gross conclusion cannot defeat the motion. The final issue relates to the April 15 delivery to *TV Guide.* The entire defense to the motion with respect to that job is to be found in these words of Gelb: "In job number two, BUCKNELL failed to make price changes required in the advertisement and printed many incorrect prices for the magazine subscriptions. Again, BUCKNELL did not finally deliver proper quantities of advertising inserts to the various binderies of T.V. Guide." Such conclusory averments, wholly unsupported by any evidentiary facts, cannot defeat the request for summary judgment with respect to the April 15 delivery. Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.