Martin Young et al., Appellants, v Clare Seckler et al., Defendants; Stanley Seckler, Respondent.

Second Department, March 31, 1980

APPEARANCES OF COUNSEL

*Arthur L. Kagan* for appellants.

*Bower & Gardner (Ignatius John Melito* and *Patrick J. Kenny* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The plaintiffs in this automobile negligence action have alleged that the husband of the registered owner of the offending vehicle is the actual owner and they have, therefore, named him as a defendant. It is undisputed from papers submitted on the instant summary judgment motion that the funds for the purchase and subsequent maintenance of the car were provided by the husband. His position is undoubtedly duplicated in countless thousands—if not millions—of instances where motor vehicles have been bought and are maintained for the benefit of spouses or other non-self-supporting family members. Since we are reversing Special Term's dismissal of the complaint against the husband we believe that our reasoning should be made clear.

The facts are these. The plaintiff Martin Young was injured while riding a bicycle which collided with an automobile driven by Victoria Seckler which was registered to her mother, Clare. Plaintiffs' original complaint named Victoria and Clare Seckler as defendants, but in a subsequent amended complaint Stanley Seckler, Clare's husband, was added as a defendant on the basis of an allegation that he was the "actual" owner of the car involved. Arguing that his wife not only purchased the car which is registered to her but that she continues to pay for its upkeep, Mr. Seckler moved for summary judgment dismissing the complaint against him. In support of the motion, he submitted his wife's registration certificate, the bill of sale naming her as purchaser of the vehicle, and her affidavit in which she averred that she paid for the car with her own check, attended to its servicing and inspection and "performed all of the functions and duties associated with ownership of a motor vehicle." Mrs. Seckler's

affidavit also revealed, however, that the funds for the purchase price and ongoing maintenance of the automobile were provided by her husband since she had no independent income. To this, Mr. Seckler conclusorily added that at no time was he the owner of the car.

Although plaintiffs' resistance to the motion was based primarily on the husband's financial role in the purchase and maintenance of the car, proof was also submitted that the liability insurance policy covering the car not only was paid for by Mr. Seckler but that it designated him as the "named insured" for both of the family's automobiles, while listing four operators, including Stanley, Clare and Victoria Seckler. The reply affidavit by Stanley Seckler's attorney did not succeed in dispelling whatever inference of ownership flowed from the insurance policy since it was not made by a person with personal knowledge of the facts. Neither side adduced proof as to use and possession of the vehicle beyond a statement by Mrs. Seckler that she uses the car for "local driving".

Special Term granted the motion and dismissed the complaint, declaring that "it appears undisputed that defendant, Clare Seckler, at all times was the registered owner and had custody, control, possession and use of the involved vehicle."

Reversal is required because a fact issue has been created by the unexplained designation of Stanley Seckler as the named insured in the insurance policy (see *McGovern v Oliver,* 177 App Div 167). We hasten, however, to express our view that given the familial setting presented and absent the inference flowing from the insurance policy, mere proof that the husband provided the money for the purchase and maintenance of the car would not have been sufficient to challenge the presumption of ownership raised by the registration.

Evidence that the husband supplied the funds for a car which the wife purchased for herself and registered in her own name raises an inference of gift (see *Matter of Szabo,* 10 NY2d 94, 98; *Matter of Van Volkenburgh,* 254 NY 139, 145; *Vincent v Rix,* 248 NY 76; *Armitage v Mace,* 96 NY 538; see, generally, Brown, Personal Property [3d ed], 7.3, 7.9), without any accompanying inference that the donor intended to retain ownership. Where the wife is the homemaker and the donor husband the breadwinner, evidence that the latter pays to maintain the car registered to the wife also should raise no inference of retained ownership in the donor. If it does, then vestiges of the ancient doctrine that a wife cannot own prop-

erty in her own name still remain (see *Whiton v Snyder,* 88 NY 299; *Rawson v Pennsylvania R. R. Co.,* 48 NY 212), and there is at least an implication that those engaged in a full-time task of homemaking and child rearing are inhibited in some fashion from being deemed the owners of property acquired and maintained for them. Thus, in the circumstances described, proof of original gift and subsequent financial maintenance—standing alone—is not enough to raise a factual issue as to the validity of the presumption of ownership deriving from the registration. If the contrary is true, i.e., proof of gift plus financial maintenance raises a fact issue per se, it is difficult to conceive how a jury could be charged on the issue. Indeed, if such limited proof raises a fact issue as to whether the donor still retains ownership, the consequence to matrimonial litigation may exceed the effect on negligence cases.

Here, however, proof of gift and maintenance does not stand alone. In moving for summary disposition, Stanley Seckler was obligated to lay bare his evidence so as to negate any issue of material fact on the question of ownership (see *Shaw v Time-Life Records,* 38 NY2d 201; *Walski v Forma,* 54 AD2d 776). His failure to explain how the insurance policy designation came about or to submit proof on the issue of use and possession (see *Armitage v Mace, supra,* p 542; *Scheideler v Scheideler,* 37 Misc 2d 965) suffices to defeat his motion. The plaintiffs, whose burden it was to come forward with evidence to demonstrate the existence of a fact issue (see *Gelb v Bucknell Press,* 69 AD2d 829; *Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521) have succeeded by adverting to an insurance policy which could be construed to imply ownership in Mr. Seckler.

Accordingly, there should be a reversal.

DAMIANI, J. P. (concurring). In the instant case the plaintiff Martin Young was riding a bicycle when he was involved in a collision with an automobile driven by Victoria Seckler. The registered owner of the vehicle was Victoria's mother, Clare Seckler. Plaintiffs sued Victoria and Clare Seckler and they also sued Clare's husband, Stanley Seckler, alleging in their amended complaint that Stanley was the actual owner of the vehicle at the time of the accident.

I agree with my brethren that Special Term erred in granting defendant Stanley Seckler's motion for summary judgment dismissing plaintiffs' complaint as against him, but on a

broader ground. It is a well-established rule that the registration of a motor vehicle is only prima facie evidence of ownership and that a plaintiff may rebut the presumption of ownership arising from the registration and prove that, in fact, the vehicle is owned by someone other than or in addition to the registered owner (see *Schomer v Andy Le Gerow, Inc.,* 198 NYS2d 974, 980-981; Ann. 27 ALR2d 167; 4A NY Jur, Automobiles and Other Vehicles, § 920; 60 CJS, Motor Vehicles, § 119). Since Stanley Seckler was not the registered title holder to the vehicle, it was incumbent upon plaintiffs to show that he shared rights of "property" therein (see Vehicle and Traffic Law, §§ 128, 388). Plaintiffs presented proof that Stanley Seckler was the source of the funds used to purchase, maintain and operate the automobile and that he was the named insured and paid the premiums on the policy covering the car. Under such circumstances, the issue of ownership is a question of fact for determination by a jury (see *Gerard v Simpson,* 252 App Div 340, mot for lv to app den 276 NY 687; *McGovern v Oliver,* 177 App Div 167, 168-169).

The case of *Scholick v Fifth Ave. Coach Co.* (188 Misc 476), cited in the opinion of Special Term, is inapposite. In *Scholick,* the plaintiff sued to recover for damage to a motor vehicle, alleging that although the registered owner was his father-in-law, he was the actual owner since he paid the purchase price and the cost to maintain, repair and operate the vehicle. The court held that this evidence created a presumption of ownership in the plaintiff, but that the presumption was destroyed by the unexplained fact that the registered title to the vehicle was in the name of another, and accordingly plaintiff's complaint was dismissed. The correct rationale for the result in *Scholick* is explained in the case of *Soos v Soos* (4 Misc 2d 727), where the court held that since former section 11 of the Vehicle and Traffic Law (now Vehicle and Traffic Law, § 401, subd 1, par b) required all vehicles to be registered in the name of the owner, the public policy of the State forbade a suit to recover for property damage to a vehicle by one who purchased, maintained and operated that vehicle but unlawfully registered it in the name of another. Such public policy, however, is not a bar to the instant suit by a person who has been injured in a collision with an allegedly improperly registered car. In such a case the plaintiff may rely upon proof that one of the defendants supplied all the funds to purchase, operate, maintain and repair the vehicle in question as proof

that such defendant is actually the owner thereof within the meaning of section 128 of the Vehicle and Traffic Law, notwithstanding the fact that he is not the registered title holder.

LAZER, MANGANO and RABIN, JJ., concur in *Per Curiam* opinion; DAMIANI, J. P., concurs in the result, with an opinion, in which O'CONNOR, J., concurs.

Appeal from an order of the Supreme Court, Westchester County, entered July 12, 1978, dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment of the same court, entered February 1, 1979, reversed, on the law, and motion for summary judgment denied.

Plaintiffs are awarded one bill of $50 costs and disbursements.