■ BARBARA TOTH et al., Respondents, v ROBERT NEWPORT, Individually and as Parent and Natural Guardian of TODD NEWPORT, an Infant, Appellant, et al., Defendant. (And Another Related Action.) — Kane, J. Appeal from an order of the Supreme Court at Special Term (Tait, J.), entered April 11, 1984 in Madison County, which denied defendant Robert Newport's motions for summary judgment dismissing the complaints as to him and for reargument.

In the instant actions, plaintiffs seek to recover for injuries arising out of a motor vehicle accident which occurred on December 6, 1980. The accident occurred when the vehicle driven by plaintiff Barbara Toth was struck by an automobile owned by defendant Robert Newport and operated by his son, defendant Todd Newport.

After examinations before trial were conducted, defendant Robert Newport moved for summary judgment on the ground that defendant Todd Newport did not have permission to operate his father's car. Special Term, by decision dated January 31, 1983, denied this motion, finding that issues of fact existed with respect to the questions of consent and authorization. Subsequently, by decision dated June 14, 1983, Special Term denied defendant Robert Newport's motion for reargument.[*] This appeal ensued.

Initially, we note that the appeal from so much of the order as denied the motion to reargue is not appealable (Siegel, NY Prac § 254, at 314 [1978]). Turning to the merits of the appeal, we affirm. A review of the record reveals that questions of fact are presented (*see, Morris v Palmier Oil Co.,* 94 AD2d 911; *D'Angelo v New York Tel. Co.,* 54 AD2d 554; *Reyes v Sternberg,* 27 AD2d 828). We note that there is no testimony that permission was ever expressly denied. Further, as observed by Special Term, the fact that defendant Todd Newport drove his father's car on the night of the accident a substantial distance through populated areas creates an issue with respect to his assertion of lack of any driving experience. Therefore, insofar as it denied defendant Robert Newport's motion for summary judgment, Special Term's order must be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

[*] Defendant Robert Newport made a motion to renew/reargue. Special Term, noting that no new facts were alleged in this motion, properly treated the application as one for reargument.