■ MATTIE McCOLLUM, as Conservator of JOHN Moss, Appellant, v U-HAUL INTERNATIONAL CORP. et al., Respondents, et al., Defendant. [611 NYS2d 522] —Order, Supreme Court, Queens County (Angelo Graci, J.), entered on November 15, 1991, which granted defendant U-Haul International Corp.'s cross-motion for summary judgment dismissing the complaint as against it and severed the action as against the remaining defendants, is unanimously reversed, on the law, the motion is denied, and the complaint is reinstated, without costs.

This is an action for personal injuries allegedly sustained as a result of a pedestrian being struck by a rental van owned by defendant-respondent U-Haul International Corp. We hold that the motion court exceeded its role of issue identification on the motion for summary judgment and determined factual issues on an insufficient record by holding that the presumption of permissive use (Vehicle and Traffic Law § 388) is sufficiently rebutted by the evidence.

The vehicle allegedly involved had been rented by defendant Luis Vargas on behalf of his employer Lee Fleischer Furniture Corp. on a daily basis. At 5:00 A.M., on December 11, 1986, the accident is alleged to have occurred. Later that morning, the vehicle was reported stolen by Lee Fleischer, a principal of the employer, who allegedly had no knowledge of the accident at the time he reported the vehicle stolen.

The record evidence with respect to the possession of the keys to the van and the events of the night of the accident is taken from the deposition of Lee Fleischer and is insufficient to support the motion court's holding that there are no issues of fact. Fleischer testified that he probably locked the keys to the van in the cash register that evening but had no specific recollection, and that he did not recall whether the keys were in the register at the time he reported the vehicle stolen. It further appears from the deposition testimony of Lee Fleischer that defendant Luis Vargas and defendant Paul Milkovitch, both formerly employees of Lee Fleischer Furniture Corp., after becoming intoxicated in a bar, were using the

van at the time of the accident. It is unclear who the driver was and whether the ignition of the van had been hot-wired. Thus, on the evidence in the record, it appears that Luis Vargas, who had rented the van in his own name on behalf of his employer, was in possession of the van at the time of accident, at least as a passenger. Factual questions are thus presented as to whether such use was permissive *(see, Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681; *Koreman v Chrysler Fin. Corp.,* 199 AD2d 181). Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.