**Janos HORVATH, Jr., Plaintiff–Appellant,**

v.

**LINDENHURST AUTO SALVAGE, INC., Defendant–Appellee,**

**Regina Verre–Weissbach and Frank Barnett, Defendants.**

No. 1773, Docket 94–9260.

United States Court of Appeals, Second Circuit.

Argued June 14, 1995.

Decided July 13, 1995.

Paul Braverman, New York City (Ginsberg & Broome, P.C., New York City, Robert M. Ginsberg, of counsel), for plaintiff-appellant.

Patrick K. Brosnahan, Jr., Babylon, NY, for defendant-appellee.

Before: LUMBARD, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

Janos Horvath, Jr. appeals from a judgment entered in the Eastern District of New York (Chrein, *M.J.*) dismissing his action against Lindenhurst Auto Salvage, Inc. We reverse.

In November 1982, Horvath sustained an injury during an automobile collision. In July 1983, Horvath commenced the present action against Frank Barnett, Regina Verre–Weissbach, and Lindenhurst, a registered car dismantler. Horvath alleged that Barnett struck his vehicle while driving, with Lindenhurst's permission, a vehicle acquired from Verre–Weissbach. Lindenhurst filed a cross-claim against Verre–Weissbach, claiming that she was the record owner of the vehicle at the time of the accident.

By consent of the parties, the matter was tried before Magistrate Judge Chrein and a jury on November 22, 1993. Lindenhurst was the only defendant to appear at trial. As an accommodation to Horvath, Lindenhurst presented its case first. Lindenhurst offered the testimony of Thomas Sokol and his son, Timothy. Timothy testified that he picked up a 1974 Chevrolet Vega from Regina Verre–Weissbach and in return gave her $40–$50. Verre–Weissbach signed a certificate of title. Whether the certificate named Lindenhurst as the buyer is not known because the certificate is not in the record. Timothy towed the car to a lot across the street from Lindenhurst. Timothy testified that he gave the certificate of title to his father. Frank Barnett, who had done various odd jobs for Lindenhurst in the past, then repaired the car, using materials obtained from Lindenhurst. About three weeks later, Barnett drove away with the car. Thomas Sokol testified that Timothy had gotten the Vega from Verre–Weissbach on behalf of Barnett, rather than Lindenhurst, and that Barnett took the car as compensation for the work he had done for Lindenhurst in the past.

Trial was adjourned after this testimony. In conference, the magistrate first heard arguments as to whether he should dismiss Verre–Weissbach as a party. Noting that Lindenhurst claimed that Verre–Weissbach had transferred title to Barnett, while Horvath claimed that Verre–Weissbach had transferred title to Lindenhurst, the magistrate inquired whether either party would offer state motor vehicle records indicating that Verre–Weissbach herself remained the owner of record at the time of the accident.

Horvath's counsel admitted that he had no such evidence, and that he could not produce the certificate of title to the car. On that basis, the magistrate dismissed Verre–Weissbach as a defendant.

Lindenhurst then requested that the case against it also be dismissed. Lindenhurst argued that it could not be held liable unless it was the car's owner of record, and that Horvath had conceded that he would offer no evidence from the Department of Motor Vehicles as to who held record title. In opposition, Horvath made an offer of proof that his principal witness, Verre–Weissbach herself, would testify that she handed the certificate of title for the car to Timothy Sokol. The following colloquy ensued:

> THE COURT: Are you going to offer evidence from the Motor Vehicle Bureau which is obtainable to indicate who had the title of the vehicle on the day of the accident?
>
> MR. FINKELSTEIN [Counsel for Horvath]: No.
>
> THE COURT: Then I am going to dismiss the entire case.

This appeal followed.

Rule 50(a)(1) of the Federal Rules of Civil Procedure states:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

At issue is whether the magistrate properly dismissed the action against Lindenhurst under Rule 50(a).

In New York, a vehicle owner is liable for any personal injuries that arise from the negligence of a driver who uses the vehicle with the owner's permission. New York Vehicle & Traffic Law § 388(1). An owner is "[a] person, other than a lien holder, having the property in or title to a vehicle or vessel." New York Vehicle & Traffic Law § 128.

122

Contrary to Lindenhurst's argument, one who does not hold record title nonetheless may be liable as the true owner of a vehicle. *Bornhurst v. Massachusetts Bonding & Insurance Co.,* 21 N.Y.2d 581, 586–87, 289 N.Y.S.2d 937, 237 N.E.2d 201, 204 (1968); *Fulater v. Palmer's Granite Garage, Inc.,* 90 A.D.2d 685, 685, 456 N.Y.S.2d 289, 290 (4th Dep't 1982). At best, "the registration of a motor vehicle is only prima facie evidence of ownership," and the plaintiff always may "prove that, in fact, the vehicle is owned by someone other than or in addition to the registered owner." *Young v. Seckler,* 74 A.D.2d 155, 159, 426 N.Y.S.2d 311, 314 (2d Dep't 1980) (Damiani, P.J., concurring).

Moreover, New York Uniform Commercial Code § 2–401(2), which governs transfer of title to a vehicle, *see Dairylea Cooperative, Inc. v. Rossal,* 64 N.Y.2d 1, 13, 483 N.Y.S.2d 1001, 473 N.E.2d 251, 257 (1984), provides that "[u]nless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods." Thus, title may pass when a purchaser pays for and takes delivery of the vehicle, whether or not registration with the Department of Motor Vehicles occurs at that time. *See Pugh v. Hartford Insurance Group,* 68 Misc.2d 1014, 1016, 328 N.Y.S.2d 872, 875–76 (Sup.Ct.1972).

 Horvath made an offer of proof that Verre–Weissbach would testify that she transferred both the car and the certificate of title to Lindenhurst for $50. Under New York law, this evidence is sufficient for the jury to infer that (1) Verre–Weissbach held title to the car prior to this transaction, and (2) title passed from Verre–Weissbach to Lindenhurst as a result of the transaction. Thus, the fact that Horvath did not intend to introduce evidence regarding record ownership of the vehicle at the time of the accident did not warrant dismissal of the action.

Lindenhurst argues that the magistrate also dismissed the suit because Horvath lacked proof that the vehicle involved in the accident was the same one sold by Verre–Weissbach to Lindenhurst, and that we may affirm on this alternative ground. However, it is clear from the record that the magis-

trate based his ruling solely on his belief that Horvath could not maintain the present action absent proof regarding record title on the date of the accident.

We have considered Lindenhurst's other arguments and find them without merit.

Reversed and remanded. As almost twelve years have elapsed since this case was brought in the district court, the case should be set for trial with all deliberate speed.