■ Motor Vehicle Accident Indemnification Corporation, Respondent, v Elayne Levinson, Appellant, et al., Defendants. [630 NYS2d 747] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 25, 1994, which denied defendant Levinson's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff Motor Vehicle Accident Indemnification Corporation seeks reimbursement of monies paid to the guardian of an infant who was injured when struck by an uninsured vehicle driven by an unidentified driver. According to defendant Levin-

son, two weeks before the accident she sold the subject vehicle to defendant Costa, and granted him permission to drive it with her license plates still attached only for his trip home. According to Costa, he drove the vehicle home, parked it on a nearby street, and, after he was unable to contact Levinson's son to return the license plates, did not drive the car again. Approximately one week later, he noticed that the car was missing and called the police, but they would not take a report from him because the vehicle was neither insured nor registered in his name. Although Costa testified at his deposition that he spoke to the police several times before they informed him that the car had been involved in an accident, he contradicted himself on the dates he spoke to them, did not remember the name of any of the officers to whom he spoke, and could provide no documentation to substantiate his claim that he reported the theft. Levinson argues that the undisputed evidence establishes that the car was being used without her permission, and was in fact stolen at the time of the accident, thereby rebutting the presumption of permissive use of Vehicle and Traffic Law § 388. We disagree. Costa's unclear and contradictory deposition testimony concerning the time he reported the theft, considered in light of his failure to provide documentation, such as police reports or 911 tapes, to support his claimed notification to the police, does not sufficiently establish the theft of the vehicle to overcome the presumption as a matter of law (*see, Guerrieri v Gray*, 203 AD2d 324). Moreover, as to the possibility that Costa himself was driving, the fact that Levinson's plates were still on the vehicle at the time of the accident, two weeks after the alleged sale, casts sufficient doubt on her assertion that the vehicle was being used under her registration without her permission to preclude summary judgment (*cf., McCollum v U-Haul Intl. Corp.*, 204 AD2d 56, *lv dismissed* 84 NY2d 850). There being factual questions as to whether the use of the vehicle was permissive, summary judgment was properly denied. Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.