**Janos HORVATH, Jr., Plaintiff–Appellant,**

**v.**

**LINDENHURST AUTO SALVAGE, INC., Defendant–Appellee,**

**Regina Verre–Weissbach and Frank Barnett, Defendants.**

No. 207, Docket 96–7208.

United States Court of Appeals, Second Circuit.

Argued Sept. 19, 1996.

Decided Jan. 14, 1997.

Paul J. Braverman, New York City (Ginsberg & Broome, of counsel), for Plaintiff–Appellant.

Patrick Kevin Brosnahan, Jr., Babylon, NY, for Defendant–Appellee.

Before: MESKILL, WINTER and CABRANES, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Chrein, *M.J.*, dismissing a diversity of citizenship negligence action brought under New York Veh. & Traf. Law § 388(1). Plaintiff, a Connecticut citizen, sued defendant-appellee, a New York corporation and the alleged owner of the vehicle that injured him.[1] The case was dismissed at the close of plaintiff's case on a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1) because plaintiff failed to identify the driver of the vehicle that injured him. We hold that identity of the driver is not an element of plaintiff's *prima facie* case.

Reversed and remanded.

## BACKGROUND

This thirteen year old negligence action is before us a second time. In November 1982, Janos Horvath, Jr., was injured when his automobile was struck by a 1974 Chevrolet Vega allegedly owned by Lindenhurst Auto Salvage (Lindenhurst), and allegedly operated by Frank Barnett. In July 1983, Horvath commenced this action against Barnett, Lindenhurst and Regina Verre–Weissbach, the former owner of the Vega.

The matter was tried before a jury for the first time in November 1993. During the trial, Lindenhurst offered the testimony of Timothy Sokol and his father, Thomas Sokol, the owner of Lindenhurst, a registered car dismantler company. Timothy Sokol testified that he paid $50 to Verre–Weissbach in return for her 1974 Chevrolet Vega. Verre–Weissbach signed a certificate of title and gave it to Timothy Sokol. Timothy Sokol towed the car to a lot across the street from Lindenhurst and gave the certificate to his father. We do not know if the certificate named Lindenhurst as the buyer because the certificate was never introduced as evidence. Thomas Sokol testified that he obtained the Vega for Frank Barnett as compensation to Barnett for performing odd jobs for Lindenhurst. Barnett repaired the car using parts from Lindenhurst's salvage yard and several weeks later drove the car off the lot.

After presenting this testimony, Lindenhurst moved to dismiss the case as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1). Lindenhurst argued that it could not be held liable unless it was the car's owner and Horvath could offer no evidence from the Department of Motor Vehicles as to who held record title to the Vega. Magistrate Judge Chrein agreed and dismissed the action.

On appeal, we reversed and remanded for a new trial, holding that under New York law, one who does not hold record title nonetheless may be liable as the true owner of a vehicle. *See Horvath v. Lindenhurst Auto Salvage,* 60 F.3d 120, 122 (2d Cir.1995). Testimony that Verre–Weissbach transferred

---

1. Plaintiff also sued Regina Verre–Weissbach, the original owner of the vehicle, and Frank Barnett, the alleged driver, both New York citizens. The action was dismissed against Verre–Weissbach during the first trial and plaintiff did not appeal that dismissal. Frank Barnett failed to appear in the action.

both the car and the certificate of title to Lindenhurst for $50 was sufficient for a jury to infer that title passed to Lindenhurst as a result of that transaction. *Id.*

In February 1996, a second jury trial commenced. Again testimony was presented that Verre–Weissbach transferred the Vega and the certificate of title to Timothy Sokol for $50. Verre–Weissbach testified that before towing the Vega from her property, Timothy Sokol attempted to remove from the car both license plates, which were numbered "6758 AKF." However, one of the plates could not be removed. Timothy Sokol allegedly suggested that since the car was eventually going to be turned into scrap metal, the license plate could be left on the car.

After Horvath testified about his injuries, police officer Vincent Mossaro, who investigated the accident scene, was called as a witness. Because the accident occurred more than thirteen years prior to the trial, Mossaro used the accident report that he prepared to refresh his recollection. Mossaro testified that a 1974 Chevrolet Vega with a license plate number "6758 AKF" was driving on the wrong side of the road and collided head-on with Horvath. However, plaintiff never asked Mossaro the identity of the driver of the Vega, nor was the accident report containing that information offered in evidence.

When plaintiff rested his case, Lindenhurst again moved to dismiss, this time arguing that plaintiff failed to identify the driver of the vehicle that collided with him or to prove the vehicle involved in the accident was the same Chevrolet Vega acquired from Verre–Weissbach. The motion was granted based on Horvath's failure to identify the driver. This appeal followed.

## DISCUSSION

According to Rule 50(a)(1) of the Federal Rules of Civil Procedure:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a

motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The magistrate judge held that Horvath's action could not be maintained without evidence identifying the driver of the Vega. The issue on appeal is whether the identity of the driver is an essential element of plaintiff's case under New York Vehicle and Traffic Law section 388.

 In New York, the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent. N.Y. Veh. & Traf. Law § 388(1) (McKinney 1996); *Leotta v. Plessinger*, 8 N.Y.2d 449, 461, 209 N.Y.S.2d 304, 312, 171 N.E.2d 454, 459–60 (1960); *Tabares v. Colin Service Systems*, 197 A.D.2d 571, 571, 602 N.Y.S.2d 634, 635 (2nd Dep't 1993). There is a presumption that the vehicle is being operated with the owner's permission and this presumption continues unless it is rebutted by "substantial evidence" to the contrary. *Greater New York Mut. Ins. Co. v. Clark*, 205 A.D.2d 857, 858, 613 N.Y.S.2d 295, 297 (3rd Dep't), *leave to appeal denied*, 84 N.Y.2d 807, 621 N.Y.S.2d 516, 645 N.E.2d 1216 (1994); *Tabares*, 197 A.D.2d at 571, 602 N.Y.S.2d at 635; *Albouyeh v. County of Suffolk*, 96 A.D.2d 543, 544, 465 N.Y.S.2d 50, 51 (2nd Dep't 1983), *aff'd*, 62 N.Y.2d 681, 476 N.Y.S.2d 522, 465 N.E.2d 29 (1984). Thus, under subsection 388(1), a plaintiff must prove only that the defendant owned the negligently operated vehicle that caused the injury to get the case before the jury.

 The defendant's burden of rebutting the presumption of permissive use with substantial evidence is not easy. The question of consent and authority ordinarily presents an issue of fact. *See Lipetz v. Palmer*, 216 A.D.2d 367, 368, 628 N.Y.S.2d 180, 181 (2nd Dep't 1995). "[E]ven where the owner and driver testify without contradiction as part of the defendant's case that the driver had no permission or was out of the scope of [authority], the case should still go to the trier of fact and if that evidence of interested witnesses is disbelieved the presumption has not been overcome." *Mandelbaum v. United*

*States,* 251 F.2d 748, 751 (2d Cir.1958) (applying New York law).

 Under New York Veh. & Traf. Law § 388(1), a plaintiff is not required to identify the driver of the vehicle in order to hold the owner liable. As long as evidence of ownership is presented, the driver, whoever it may be, is presumed to be operating the vehicle with the owner's permission. *Cf. Motor Vehicle Accident Indemnification Corp. v. Levinson,* 218 A.D.2d 606, 607, 630 N.Y.S.2d 747, 748 (1st Dep't 1995) (statutory presumption of permissive use was not rebutted where the driver was unidentified but the owner, who had control of the vehicle prior to the time of the accident, failed to prove sufficiently that the vehicle was stolen); *McCollum v. U-Haul Int'l Corp.,* 204 A.D.2d 56, 56–57, 611 N.Y.S.2d 522, 523 (1st Dep't), *leave to appeal denied,* 84 N.Y.2d 850, 617 N.Y.S.2d 139, 641 N.E.2d 160 (1994) (same); *D'Angelo v. New York Tel. Co.,* 54 A.D.2d 554, 554, 387 N.Y.S.2d 6, 7 (2nd Dep't 1976) (although the driver was unidentified, statutory presumption was not rebutted as a matter of law where, at the time of the accident, defendant's employees on duty had authority to operate the vehicle). Failure to identify the driver will not defeat plaintiff's case. The burden is on the defendant to rebut the presumption of permissive use.

Horvath presented evidence that Verre–Weissbach, the original owner of a 1974 Chevrolet Vega sold the car to Lindenhurst for $50, which we already held was sufficient for a jury to infer that Lindenhurst owned the car. *See Horvath,* 60 F.3d at 122. It was then shown that the Vega sat on a lot across from Lindenhurst for several weeks, while Frank Barnett repaired it using parts from Lindenhurst's yard. Finally, evidence was offered that Horvath was injured by a negligently driven 1974 Chevrolet Vega with license plate number "6758 AKF," the same license plate number as the car Lindenhurst purchased. Horvath is entitled to the benefit of the presumption of Barnett's permissive use. This, coupled with evidence from which a jury may infer that Lindenhurst owned the vehicle involved in the accident, is sufficient to get the case to the jury. On this record, it cannot be said that a reasonable jury could

not reach a verdict for Horvath. Because the identity of the driver is not an essential element of Horvath's case, the district court erred by dismissing the action.

Reversed and remanded for a new trial.