■ ROBERT PEARSON et al., Plaintiffs, v REDLINE MOTOR SPORTS, INC., et al., Respondents, and ANDREW S. JOYCE, Appellant. [705 NYS2d 367] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 7, 1999, which denied defendant-appellant Joyce's motion for summary judgment dismissing the complaint as to him, unanimously reversed, on the law, without costs, and defendant-appellant's motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

In this action for damages sustained as a result of a motorcycle-pedestrian accident, defendant Joyce moved for summary judgment on the basis that he was not the owner of the motorcycle when the accident happened since he had previously sold it to defendant Redline. Defendant's motion was unopposed by plaintiffs. Although the plates had not been sur-

rendered to the Department of Motor Vehicles until the day after the accident, title may pass when a purchaser takes delivery whether or not registration occurs then (*Horvath v Lindenhurst Auto Salvage*, 60 F3d 120, 122, citing *Pugh v Hartford Ins. Group*, 68 Misc 2d 1014, 1016). Defendant's uncontroverted evidence established that transfer of ownership of the motorcycle happened prior to the date of the accident, which was sufficient to satisfy his burden of proof on the motion to dismiss (*see, Dorizas v Island Insulation Corp.*, 254 AD2d 246, 248, *lv denied* 93 NY2d 810).

Redline failed to submit evidence sufficient to raise a triable issue of fact. Redline admits that it purchased the motorcycle in July but is unable to identify the date and, further, is unable to produce any records of that or a claimed subsequent sale of the motorcycle. To defeat Joyce's motion, Redline was obligated to submit evidence that the parties intended title to pass at some later date. Redline failed to meet its burden of proof and Joyce's motion should have been granted (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.