■ SAKYNA HUNTER, Appellant, v INDIA YOUNG, Defendant, and BRUNETTE ALCY, Respondent. [787 NYS2d 887]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered February 4, 2004, which, upon the granting of the motion of the defendant Brunette Alcy pursuant to CPLR 4401 made at the close of the plaintiff's case to dismiss the complaint insofar as asserted against her for failure to establish a prima facie case, is in favor of that defendant and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated insofar as asserted against the defendant Brunette Alcy, and a new trial is granted against that defendant, with costs to abide the event.

Contrary to the determination of the Supreme Court, the plaintiff made out a prima facie case of liability pursuant to Vehicle and Traffic Law § 388 (1) against the defendant Brunette Alcy, the owner of the vehicle which allegedly collided with the rear of the stopped automobile in which the plaintiff was a passenger. The plaintiff presented evidence demonstrating that Alcy was the registered owner of the subject vehicle, thereby giving rise to the strong statutory presumption that the driver of the vehicle was operating it with her permission (*see* Vehicle and Traffic Law § 388 [1]; *see generally Murdza v Zimmerman,* 99 NY2d 375 [2003]; *Chambers v City of New York,* 309 AD2d 81 [2003]; *Matter of General Acc. Ins. Co. v Bonefont,* 277 AD2d 379 [2000]). The plaintiff was not obligated to establish the identity of the driver of the vehicle in order to pursue recovery against Alcy (*see Horvath v Lindenhurst Auto Salvage, Inc.,* 104 F3d 540 [1997]; *Motor Veh. Acc. Indem. Corp. v Levinson,* 218 AD2d 606 [1995]; *McCollum v U-Haul Intl. Corp.,* 204 AD2d 56 [1994]; *D'Angelo v New York Tel. Co.,* 54 AD2d 554 [1976]), nor did the evidence rebut, as a matter of law, the presumption of permissive use (*see Chambers v City of New York, supra; Lipetz v Palmer,* 216 AD2d 367 [1995]). Accordingly, "granting the plaintiff every favorable inference from the evidence submitted" (*Godlewska v Niznikiewicz,* 8 AD3d 430, 431 [2004]), there was a rational basis upon which a jury could have found in her favor (*see* CPLR 4401), and she is entitled to a new trial.

The plaintiff's remaining contention is without merit. Florio, J.P., Cozier, Krausman and Mastro, JJ., concur.