Sconiers and Valentino, JJ.
(dissenting). We respectfully dissent because we conclude that, on this record, Jim Ball Pontiac-Buick-GMC, Inc. (defendant) failed to satisfy its initial burden in moving for summary judgment dismissing the complaint and all cross claims against it of establishing as a matter of law that it was not an owner of the vehicle that rear-ended the parked vehicle in which plaintiff Robert K. Monette was seated at the time of this accident (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). As a result, we would affirm the order denying defendant’s motion.
Vehicle and Traffic Law § 388 (1) imposes vicarious liability on “[e]very owner of a vehicle used or operated in this state . . . for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with permission, express or implied, of such owner.” “Owner” is defined in Vehicle and Traffic Law § 128 in relevant part as “[a] person, other than a lien holder, having the property in or title to a vehicle” and “includes a person entitled to the use and possession of a vehicle . . . subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle . . . having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days” (emphasis added). Plaintiffs concede that there is no evidence that defendant had “the exclusive use” of the vehicle “for a period greater than thirty days.” In addition, it is undisputed that the vehicle was leased through GMAC, which accordingly had a security interest in it. The question that remains, however, is whether defendant was entitled “to the use and possession of [the] vehicle” (id.). Although “[generally ownership is in the registered owner of the vehicle or one holding the documents of title” (Fulater v Palmer’s Granite Garage, 90 *1332 AD2d 685, 685 [1982], appeal dismissed 58 NY2d 826 [1983]; see Young v Seckler, 74 AD2d 155, 156-158 [1980]), the record does not include either the vehicle’s title or the New York State registration. In any event, “a party may rebut the inference that arises from [a title or registration]” (Fulater, 90 AD2d at 685).
Viewing the evidence in the light most favorable to plaintiffs, who are opposing defendant’s motion (see generally Victor Temporary Servs. v Slattery, 105 AD2d 1115, 1117 [1984]), we conclude that there are issues of fact regarding whether defendant had sufficient “use and possession” of the vehicle to be considered a co-owner with defendant Jesse Ball. James Ball, defendant’s owner and Jesse Ball’s father, testified at his deposition that, on the day of the accident, “ [a]ll our loaner cars were out, and the only car we had was my daughter’s. So we used that and put it on a loaner agreement . . . , same as we would any other loaner car that we had.” He also agreed that the vehicle was from his place of business. Although Jesse Ball consented to the use of the vehicle in this manner, it is unclear whether defendant obtained her permission as a co-owner with equal rights to possession or whether she provided the vehicle to defendant for use in the context of a bailment. To the extent that the testimony of Jesse Ball and James Ball created questions of fact on the issue of ownership (see Young, 74 AD2d at 159 [Damiani, J.P., concurring]), defendant failed to meet its burden, and we need not consider plaintiffs’ evidence (see generally Alvarez, 68 NY2d at 324). Moreover, defendant’s notation of a “stock number” for the vehicle in question on the loaner agreement lends further support to plaintiffs’ theory of co-ownership.
Defendant further contends that assuming, arguendo, that it is an owner of the vehicle, the Graves Amendment (49 USC § 30106) shields it from liability. We conclude that defendant did not meet its initial burden on that ground “inasmuch as it did not offer competent proof that it was engaged in the business or trade of leasing or renting motor vehicles” (Cassidy v DCFS Trust, 89 AD3d 591, 591 [2011]).
Present—Smith, J.E, Peradotto, Lindley, Sconiers and Valentino, JJ.