Dorothea E. Donaldson, J.
The issue of liability is to be determined initially in this claim, timely filed and not assigned or submitted to any other tribunal for determination, for damages for personal injuries sustained by claimant, Dorothy Merna Grace, and for loss of services and medical expenses sustained by claimant, George Vincent Grace, resulting from the alleged negligence of the defendant, the State of New York, and of the County of Nassua and Town of Oyster Bay, in the maintenance of the roadbed and curbing of Route 106 (State Highway No. 9021) in the Town of Oyster Bay. Since this court has no jurisdiction over claims against either the County of Nassau or the Town of Oyster Bay no determination of any claim against either or both governmental subdivisions is incorporated herein.
On August 31,1961, about 10:45 in the morning, as Mrs. Grace was returning from shopping at a supermarket in the Town of Oyster Bay, she pushed her shopping cart across South Street (State Highway No. 9021) to its west sidewalk and then to a position adjacent to her mother’s automobile which was parked parallel to that curb. The automobile, a two-door sedan, was parked approximately two feet from the curbing. Dorothy Merna Grace testified that while standing on the curbing she opened the door on the right or near side of the car, noticed that the street gutter was cluttered with debris, kept her left foot on the curbing while stepping over the debris to place her right foot on the pavement and then picked up the lighter of her two packages from the shopping cart and set it on the rear seat of the automobile. As she turned to pick up the heavier package from the cart, and in trying to handle it carefully, she moved her right foot, stepping on a piece of debris in the gutter, lost her balance, twisted, and caught her left foot in the loose metal nosing on the curbing. In this position, claimant fell and sustained injuries, the basis for the claim.
*255 There are two serious questions to be considered; the first refers fundamentally to the proximate cause of the injury and the second to the identity of the agency responsible for the maintenance of the curbing and the clearing of debris in the gutter.
In support of the first issue, claimant produced no witnesses who saw the fall or were present at the time Mrs. Grace sustained her injuries. The photographic exhibits, which were enlargements of photographs taken by claimant, George Vincent Grace the following morning, contained no identifiable landmarks capable of pin-pointing the precise site of the accident. In fact, no loose nosing or buckling or twisted metal, as testified to, was evident in those exhibits although a crevice in the top and side of cement curbing was shown. The photographic exhibits and the testimony of Mr. Grace and Mrs. Bose Crygier, which were self-serving, are insufficient to support Mrs. Grace’s contention that the real cause of her fall was “ catching the left foot in the nosing on the top of the curb ’ ’. In this respect, her claim must fall.
Assuming, however, that the proximate cause might have been the rock or loose cement debris in the gutter on which Dorothy Grace stepped with her right foot, the defendant, the State of New York, has stipulated and conceded that it is responsible for the maintenance, construction and control of the roadbed of Highway No. 9021, from its junction with the base of the curbing on the east side of the roadbed to its junction with the base of the curbing on the west side of the roadbed. It contended, however, that the maintenance and repair of the curbing is the responsibility of the adjacent property owners and of the Town of Oyster Bay as substantiated by the Ordinance of the Town of Oyster Bay in effect on August 31, 1961. In support of this contention, the State read into evidence portions of the examination before trial of one of its employees, Balph C. Condit. The court having reserved decision on claimants’ motion to exclude this deposition on the ground that the State had not complied with the provisions of CPLR 3117 and having given due consideration to the memoranda submitted by the parties, now rules that the portions read from the deposition are excluded because the provisions of CPLR 3117 were not met and because the deposition of an employee of the party defendant is not that of an adverse party.
The proof submitted was inadequate from which a determination can be made whether the curbing or the gutter, or both, was within the State’s right of way. The evidence does show, *256 however, that State Highway No. 9021, in this area, was reconstructed and widened. In this wise, the concrete shoulders on South Street on which automobiles parked on the day in question extended the pavement of the roadway to the curb line. Section 12 of the Highway Law which refers to the duty of the Superintendent of Public Works “ to provide for maintenance, repair * * #; roads and driveways on state lands ” specifically provides in part, as follows: 1‘ Whenever a state highway has been constructed at a greater width than that provided in the original plans * * * the additional width of pavement shall be deemed to be a part of the highway * * * but in no case where any such highway has been widened as provided above, shall the state be responsible for the maintenance of any curb or of any paved gutter or paved shoulder provided, however, * * * the superintendent [of public works] shall have authority to clean any pavement or paved gutter or repair any unpaved shoulder or unpaved gutter outside of the pavement maintained by the state, where necessary for the protection of such pavement. ’ ’ (Subd. 5.)
This section, read in conjunction with the first paragraph of the ordinance adopted by the Town of Oyster Bay and supported by the testimony of the foreman of the Town of Oyster Bay who produced work records to show that the town regularly swept the gutters on South Street, State Highway No. 9021, and kept the road in general repair, confirms the State’s position that it has no responsibility either to maintain the curbing or to clear debris in the gutter.
Finally, the State argued that Mrs. Grace was eontributorily negligent. The court agrees. Claimant admitted that she had previous knowledge of the condition of the curbing and of the debris in the gutter. In the exercise of ordinary care she could have avoided the fall. “ [T]he pedestrian must use his eyesight to perceive any defects that are easily noticeable.” (4 Warren, Negligence in the New York Courts, p. 556 [2d ed. 1956].) “The voluntary acceptance of a risk may at times itself constitute contributory negligence.” (McEvoy v. City of New York, 266 App. Div. 445, 447, affd. 292 N. Y. 654.) The claimant has failed to establish, by a preponderance of the evidence, that her own acts did not contribute to the accident. (Rue v. State of New York, 11 Misc 2d 337.)
The issue of notice is therefore academic and is not considered by the court.
The State’s motion to dismiss made at the conclusion of claimants’ proof, upon which decision was reserved, is now *257 denied. Its motions made at the close of the entire case, upon which decision was reserved, are now granted.
The claim must he, and hereby is, dismissed.
The derivative claim of George Vincent Grace, husband of Dorothy Merna Grace, likewise is dismissed.