■ YOLANDA DOUGHTY et al., Appellants, v ROBERTA JOHNSON et al., Defendants, and ROBERT GENDRON, Respondent. (And a Third-Party Action.) (Action No. 1.) YOLANDA DOUGHTY et al., Appellants, v BOB'S AMERICAN SERVICE, INC., Respondent. (And a Third-Party Action.) (Action No. 2.)—In consolidated actions to recover damages for personal injuries, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered April 26, 1988, as granted that branch of the motion of the defendant Bob's American Service, Inc., in action No. 2 which was for summary judgment dismissing the complaint, and, (2) from so much of an order of the same court, entered June 9, 1988, as granted the cross motion of the defendant Robert Gendron in action No. 1 for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, that branch of the motion of the defendant Bob's American Service, Inc., in action No. 2 for summary judgment dismissing the complaint is denied, and the cross motion of the defendant Robert Gendron for summary judgment is denied.

A question of fact exists as to the issue of who was the owner of the automobile in question at the time of the injury to the plaintiffs. Although a presumption exists that the defendant Roberta Johnson owned the vehicle, because its registration indicated that its ownership had been transferred to her, this presumption has been cast in doubt by evidence tending to indicate that neither the respondent Robert Gendron, nor the defendants Robert A. Lucas or Roberta Johnson, ever intended for title to be transferred (*Sosnowski v Kolovas,* 127 AD2d 756). A leasing arrangement may in fact have existed with Gendron as the lessor, Johnson as the lessee, and Lucas as a prior lessee. Thus, although the court correctly determined that the plaintiffs offered no evidence tending to prove negligence on the part of Gendron or Bob's American Service, Inc., vicarious liability may yet exist on their part pursuant to Vehicle and Traffic Law § 388. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.