■ ROBERT VAN WART, Respondent, v ROBERT VAN WART INCORPORATED, Appellant. [634 NYS2d 498] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 12, 1994, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.

The evidence adduced by the defendant Robert Van Wart Incorporated in support of its cross motion for summary judgment established that it did not own the vehicle in which the plaintiff was a passenger at the time of the accident. The certificate of title indicated that the vehicle was owned by the plaintiff himself, and it was the plaintiff himself who registered the vehicle. This constitutes prima facie evidence of the plaintiff's ownership (see, e.g., Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581; Doughty v Johnson, 155 AD2d 513; 8 NY Jur 2d, Automobiles and Other Vehicles, § 731). The proof tendered by the plaintiff in opposition to the defendant's

cross motion, including the proof tending to show that the defendant paid for the insurance coverage purchased for the vehicle, was not sufficient to establish the existence of a material issue of fact requiring trial *(cf., Young v Seckler,* 74 AD2d 155). Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.