■ RONALD DICKERSON, Respondent, v DAVILA DIAZ, Appellant, et al., Defendant. [681 NYS2d 605] —In an action to recover damages for personal injuries, the defendant Davila Diaz appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered January 7, 1998, as denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff was struck by a van as he was attempting to cross a parking lot exit which faced Jericho Turnpike in Mineola. At his examination before trial the plaintiff testified that the driver of the offending vehicle was male and that the only female in the vehicle was a passenger. The plaintiff commenced this action seeking to recover damages against the defendants

as the owners of the vehicle. The defendant Davila Diaz cross-moved for summary judgment dismissing the complaint insofar as asserted against her alleging that she was neither the operator nor the owner of the vehicle which allegedly struck the plaintiff. The Supreme Court denied her cross motion.

In support of her cross motion, Davila Diaz submitted evidence to show that the vehicle was registered in the name of the defendant Rafael Diaz and that title had been taken in the name of Rosa C. Diaz, the mother of Rafael Diaz. The plaintiff failed to adduce evidence sufficient to rebut the presumption that Davila Diaz was not the owner of the offending vehicle (*see, Gaeta v Morgan,* 178 AD2d 732; *Corrigan v DiGuardia,* 166 AD2d 408; *Sosnowski v Kolovas,* 127 AD2d 756). Since Davila Diaz cannot be held vicariously liable for the acts of the driver (*see, Marchetti v Avis Rental Car Sys.,* 249 AD2d 518), the cross motion should have been granted. Rosenblatt, J. P., O'Brien, Sullivan and Krausman, JJ., concur.