■ FRED D. SCHNITTKER et al., Appellants, v NIAGARA FRONTIER EQUIPMENT SALES, INC., Formerly Known as NIAGARA FORD NEW HOLLAND, INC., et al., Respondents. [779 NYS2d 393]—Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered May 1, 2003, in an action to recover dam-

ages for personal injuries. The order granted the motion of defendant Niagara Frontier Equipment Sales, Inc., formerly known as Niagara Ford New Holland, Inc., for summary judgment dismissing the complaint against it and granted the cross motion of defendant New Holland North America, Inc. for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion and cross motion are denied and the complaint and cross claim are reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Fred D. Schnittker (plaintiff) when he was removing a box scraper from a tractor purchased by plaintiff's employer from defendant Niagara Frontier Equipment Sales, Inc., formerly known as Niagara Ford New Holland, Inc. (Niagara Frontier), and manufactured by defendant New Holland North America, Inc. (New Holland). Supreme Court granted the motion of Niagara Frontier for summary judgment dismissing the complaint against it and granted the cross motion of New Holland for summary judgment dismissing the complaint and cross claim against it. We reverse. The complaint asserts causes of action for negligence, strict products liability, breach of express and implied warranties and failure to warn, as well as a derivative cause of action. Although defendants met their initial burden, plaintiffs raised issues of fact precluding summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The affidavit of plaintiffs' expert raises issues of fact concerning, inter alia, whether the tractor was defectively designed and whether the alleged failure to provide adequate warnings with respect to the hazards and risks associated with the use of the tractor was a proximate cause of plaintiff's injuries, thereby rendering summary judgment inappropriate (see generally Ferlito v Dara, 306 AD2d 874 [2003]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.