■ Maria T. Steuhl, Formerly Known as Maria T. Brailey, et al., Plaintiffs, v Home Therapy Equipment, Inc., Respondent, and Invacare Corporation, Appellant. [803 NYS2d 791]—

Kane, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered January 21, 2005 in Columbia County, which denied defendant Invacare Corporation's motion to strike

---

* A personal representative is "a person who has received letters to administer the estate of a decedent" (EPTL 1-2.13).

the answer and cross claim of defendant Home Therapy Equipment, Inc., and (2) from an order of said court, entered September 9, 2005 in Columbia County, which, upon renewal, adhered to its prior decision.

Defendant Invacare Corporation manufactured a semi-electric hospital bed that was leased to plaintiff Maria T. Steuhl (hereinafter plaintiff) by defendant Home Therapy Equipment, Inc. A few days after the bed was delivered to plaintiff's home, she contacted Home Therapy and informed it that the bed was not working properly. Home Therapy's technician inspected the bed, concluded that the foot spring was not functioning properly and replaced the spring. An incident report was created and the foot spring was preserved. Plaintiff did not inform Home Therapy that she was injured by the bed when it malfunctioned. She continued to use the bed, with the replaced foot spring, for more than six months after the incident, at which time her lease ended and the bed was returned to Home Therapy. Pursuant to its normal business practices, Home Therapy inspected and cleaned the bed, then broke it down into its component parts to store them until needed, at which time they were assembled into complete beds and leased to other customers. The individual parts are not tracked by Home Therapy.

Plaintiff and her husband, derivatively, commenced this action alleging that she was injured when the head of the bed spontaneously dropped. Home Therapy answered and asserted a cross claim against Invacare for indemnification. After Invacare became aware that Home Therapy had not preserved the entire bed, although photographs were available and Home Therapy provided a similar bed with the exact foot spring for inspection, Invacare moved pursuant to CPLR 3126 to strike Home Therapy's answer and cross claim on the ground of negligent spoliation of evidence. Supreme Court denied the motion. Upon renewal, the court adhered to its prior decision. Invacare appeals both orders.

Supreme Court has broad discretion to determine the appropriate sanction for spoliation of evidence, which determination will only be disturbed upon a clear abuse of that discretion (*see Dennis v City of New York*, 18 AD3d 599, 600 [2005]; *Jackson v Gas Co.*, 2 AD3d 1104, 1106 [2003]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]). We find no such abuse here. Although spoliation sanctions may be appropriate even for the negligent, rather than intentional, destruction or disposal of evidence (*see Puccia v Farley, supra* at 85; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]), "[i]n the absence of pending litigation or notice of a specific claim, a defendant should not be

sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]; *see DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]).

Here, at the time of the alleged accident, Home Therapy knew only that the bed was not working correctly, not that there was an injury which could lead to a potential lawsuit. It was reasonable for Home Therapy to preserve only the malfunctioning part and to release the remaining parts of the bed back into the marketplace, pursuant to its normal business practices. Thus, "evaluating the reasonableness of the nonpreserving party's conduct" (*Kirkland v New York City Hous. Auth., supra* at 175), Supreme Court properly declined to punish Home Therapy for disposing of the remaining bed components before knowing that they were involved in any injury or potentially the subject of future litigation (*see Jackson v Gas Co., supra* at 1106).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.