■ DAVID DOBSON et al., as Parents and Guardians of ETHAN DOBSON, an Infant, Respondents-Appellants, v LINDA J. GIOIA et al., Appellants-Respondents, and FRANCIS A. MARTIN et al., Respondents-Appellants. [834 NYS2d 356]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Williams, J.), entered November 7, 2005 in Saratoga County, which, inter alia, partially granted the cross motion of defendants Linda J. Gioia and Robert Gioia for summary judgment dismissing the complaint.

In 1999, defendant Robert Gioia negotiated the purchase of a 1988 Advantage Warrior motorboat to be used for recreational purposes. Title was placed solely in the name of his wife, defendant Linda J. Gioia. On July 4, 2002, the boat flipped to the left and capsized while being operated by a relative of the Gioias. As a result, Robert Gioia brought the boat to defendant Francis A. Martin, the owner of defendant Frank's Auto and Marine, for repairs. The Gioias thereafter decided to sell the boat and entered into a brokerage agreement with Mohawk Valley Marine in July 2002. In June 2003, a potential buyer reportedly discussed purchasing the boat, however, declined to proceed after noting that the engine seemed misaligned and was not properly mounted. Robert Gioia then returned the boat to Martin for further work.

The boat remained in the custody of Martin who claimed that Robert Gioia granted him permission to operate it for recreational purposes.[1] On July 15, 2003, Martin, along with his two grandsons and their friend, Ethan Dobson, then 13 years old, took it on a nearby lake. During that excursion, the boat turned on its left side and flipped over, throwing Dobson from the boat whereupon he sustained injuries. The Gioias notified their insurer, State Farm Insurance Company, of the accident and their request for reimbursement for property damage. On July 25, 2003, State Farm claims representative Jennifer Stevens contacted Mohawk Valley Marine to have the boat picked up from Frank's Auto and Marine for an estimate of the cost of repairs.

In the meantime, plaintiffs, Dobson's parents, retained a law firm to pursue an action relating to the accident. According to plaintiffs, one of the firm's attorneys, Jodie Ryan, notified State Farm of that fact. Although the timing and content of telephone calls between Ryan and Stevens are disputed, there is no question that Ryan sent a letter to Stevens on August 13, 2003 advising Stevens to preserve the boat "in its current condition and that no repairs, alterations or modifications be made to it." However, as of August 1, 2003, the engine and other component parts had already been removed from the boat by Robert Esperti, Mohawk Valley Marine's owner, for purposes of the damage estimate. On September 4, 2003, Stevens told Esperti to winterize the boat. Esperti then put antifreeze in the engine and encased the boat in shrink-wrap for winter storage.

Thereafter, plaintiffs commenced this action seeking damages for their son's injuries naming as defendants the Gioias, Martin, Bernadette Martin and Frank's Auto and Marine. Following joinder of issue, plaintiffs moved for, among other things, the imposition of sanctions against the Gioias for the alleged spoliation of evidence by State Farm with respect to the boat. In response, the Gioias cross-moved for summary judgment dismissing the complaint against them or, in the alternative, for an order pursuant to 46 USC Appendix former § 183,[2] limiting their liability to the value of the boat. Supreme Court denied plaintiffs' motion and partially granted the Gioias' cross motion for summary judgment to the extent of dismissing all claims

1. Robert Gioia specifically denies giving Martin permission to operate the boat and the affidavit of State Farm Insurance Company's claims representative, Jennifer Stevens, indicates that State Farm was denying coverage to Martin based on its understanding that the boat was not operated with the consent of its insured.

2. Effective October 6, 2006, this federal statutory provision was repealed and apparently recodified (see Pub L 109-304, 120 US Stat 1485, 1710).

against Robert Gioia on the basis that he was not the legal title holder of the boat. Additionally, while the court ruled that Linda Gioia may invoke 46 USC Appendix former § 183, the court denied the Gioias' cross motion to limit that liability, citing questions of fact regarding the alleged permissive use of the boat. These cross appeals ensued.

Initially, we find no abuse of discretion in Supreme Court's denial of plaintiffs' CPLR 3126 motion seeking sanctions for alleged spoliation of evidence. While sanctions "may be appropriate even for the negligent, rather than intentional, destruction or disposal of evidence" (*Steuhl v Home Therapy Equip., Inc.*, 23 AD3d 825, 826 [2005]; *see e.g. Cutroneo v Dryer*, 12 AD3d 811, 813 [2004]; *Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793 [2001], *lv dismissed* 96 NY2d 896 [2001]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]), courts are reluctant to impose them when a party is not yet on notice of a pending claim, and the evidence was discarded in " 'good faith and pursuant to its normal business practices' " (*Steuhl v Home Therapy Equip., Inc., supra* at 826-827, quoting *Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]).

Here, while Ryan maintains that she contacted Stevens by telephone on July 29, 2003 and advised her to preserve the boat in its postaccident condition, Stevens denies receiving that call. Instead, Stevens claims that she did not receive a telephone call from Ryan until August 6, 2003, at which time Ryan allegedly only requested permission to speak with Robert Gioia and made no inquiry or request concerning the boat. In denying plaintiffs' motion for sanctions, Supreme Court found it significant that, among other things, the August 13, 2003 letter authored by Ryan made absolutely no "reference [to] any [prior] telephone conversation between [Ryan] and Ms. Stevens and there was a near three week delay from the date of the telephone conversation to the sending of the letter." Under all the circumstances, we find that the court did not abuse its discretion by refusing to impose sanctions (*see Steuhl v Home Therapy Equip., Inc., supra* at 827).

Next, we do not agree with Supreme Court's dismissal of all claims against Robert Gioia on the basis that he was not a title owner of the boat. Pursuant to Navigation Law § 48, an owner of a vessel is liable for injuries which "result[ ] from negligence in the use or operation of such vessel." While a certificate of title is considered to be prima facie evidence of ownership, this Court has previously held that it is not conclusive on that issue (*see Johnson v Waugh*, 244 AD2d 594, 595 [1997], *lv denied* 91 NY2d 810 [1998]; *Salisbury v Smith*, 115 AD2d 840, 841 [1985]).

Instead, the certificate raises a presumption of ownership that may be rebutted by evidence that a nontitle holder had a possessory interest in the property "with its attendant characteristics of dominion and control" (*Matter of Vergari v Kraisky*, 120 AD2d 739, 740 [1986]; *see Spratt v Sloan*, 280 AD2d 465, 466 [2001]; *see also Bukhatetsky v Vysotski*, 296 AD2d 367, 367 [2002]).

Here, while Linda Gioia is listed as the title holder of the boat, the evidence in the record clearly raises a triable issue regarding whether Robert Gioia was a de facto owner. For example, there is no dispute that Robert Gioia negotiated the purchase of the boat and was solely responsible for paying the purchase price. Furthermore, there is evidence indicating that he exercised exclusive dominion and control over the boat since its purchase, which included acting as the primary operator, setting up and paying for all repairs and maintenance, and determining who had permission to operate it. He also maintained and paid for the insurance on the boat and was the named insured. Moreover, he entered into a contract with Mohawk Valley Marina seeking its services in attempting to sell the boat after the 2002 accident stating, "I just didn't want the boat anymore." Notably, Linda Gioia testified that she never saw the boat before it was purchased and never used it. This and other proof clearly raises a question of fact as to whether Robert Gioia had a possessory interest in the boat and, therefore, could be considered a de facto owner.

Alternatively, the Gioias contend that they are nonetheless entitled to summary judgment in their favor as to the claims and cross claims alleging active negligence on the part of Robert Gioia because no facts were presented which supported a finding that he was negligent in causing Dobson's injuries. Viewing the evidence in the light most favorable to plaintiffs, as nonmoving parties (*see Secore v Allen*, 27 AD3d 825, 828-829 [2006]), we conclude that Supreme Court properly denied that part of the Gioias' cross motion for summary judgment. The record contains numerous disputed factual issues as to, among other things, whether Martin had been properly informed of the alleged misalignment problems and what type, if any, modifications were made to the boat after its initial purchase.

Next, the Gioias argue that Supreme Court erred by failing to grant their cross motion seeking an order limiting any liability on their part to the value of the boat pursuant to 46 USC Appendix former § 183. We disagree. However, we do so for reasons different than those stated by Supreme Court. Specifically, while it was permissible for the Gioias to assert 46 USC Appendix for-

mer § 183 as a defense in their amended answer (*see e.g. Matter of Guglielmo*, 897 F2d 58, 59 [1990]), it is nevertheless clear that, "federal courts, sitting in admiralty, have exclusive jurisdiction over the section 183 limitation of liability defense 'once the shipowner's right to limit liability is contested' " (*Olsen v Reinauer Transp. Cos.*, 300 AD2d 76, 76 [2002], quoting *Vatican Shrimp Co., Inc. v Solis*, 820 F2d 674, 677 [1987], *cert denied* 484 US 953 [1987]; *see Cincinnati Gas & Elec. Co. v Abel*, 533 F2d 1001, 1003 [1976], *cert denied* 429 US 858 [1976]). Here, given the established opposition to the Gioias' claim for limited liability, Supreme Court "lack[s] jurisdiction to entertain [such a] defense" (*Olsen v Reinauer Transp. Cos., supra* at 76) and, therefore, the Gioias' cross motion for such relief was properly denied.

The remaining arguments raised by the parties and not resolved by the above analysis have been examined and found to be unpersuasive.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted the cross motion of defendants Linda J. Gioia and Robert Gioia dismissing the complaint against Robert Gioia; said cross motion denied to that extent; and, as so modified, affirmed.