1470

**Karen L. Call et al., Respondents, v Banner Metals, Inc., Appellant, et al., Defendant. (Appeal No. 1.)** [846 NYS2d 827]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered August 28, 2006 in a personal injury action. The order denied the motion of defendant Banner Metals, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Banner Metals, Inc. insofar as the complaint is based on failure to warn and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Karen L. Call (plaintiff) when a bakery truck ramp designed and manufactured by defendant Banner Metals, Inc. (Banner) sprang open and knocked plaintiff to the ground. In appeal No. 1, Banner appeals from an order denying its motion for, inter alia, summary judgment dismissing the complaint against it. Contrary to the contention of Banner, Supreme Court properly denied that part of its motion seeking summary judgment dismissing the complaint against it insofar as the complaint is based on design and manufacturing defects. Banner failed to establish as a matter of law that the ramp, as designed and manufactured, was not defective (*see generally Denny v Ford Motor Co.*, 87 NY2d 248, 257 n 3 [1995], *rearg denied* 87 NY2d 969 [1996]). Even assuming, arguendo, that Banner met its initial burden, we conclude that plaintiffs raised triable issues of fact whether the ramp was defectively designed

or manufactured (*see e.g. Warnke v Warner-Lambert Co.*, 21 AD3d 654, 656 [2005]; *Schnittker v Niagara Frontier Equip. Sales, Inc.*, 9 AD3d 848 [2004]; *see generally Ferlito v Dara*, 306 AD2d 874 [2003]).

Contrary to Banner's contention, plaintiffs' theories relate to specific design and/or manufacturing flaws in the ramp, and thus plaintiffs were not required to rule out all other possible causes of the accident (*cf. Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 42 [2003]; *Maciarello v Empire Comfort Sys.*, 16 AD3d 1009, 1011 [2005]). Contrary to Banner's further contention, there are issues of fact whether any postmanufacture modifications rendered the ramp "defective or otherwise unsafe" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532 [1991]; *see Lamey v Foley*, 188 AD2d 157, 168 [1993]). Indeed, plaintiffs submitted evidence establishing that the modifications consisted of nothing more than the installation of replacement parts that "did no more than perpetuate [Banner's] bad design as [Banner's] representatives foresaw [it] might" (*Sage v Fairchild-Swearingen Corp.*, 70 NY2d 579, 587 [1987]). The affidavit of plaintiffs' expert is sufficient "to establish . . . specialized knowledge, experience, training, or education" with respect to the relevant subject matter (*Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]; *cf. Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]).

We agree with Banner, however, that the court erred in denying that part of its motion seeking summary judgment dismissing the complaint against it insofar as the complaint is based on failure to warn. Banner established that "[p]laintiff was aware of the specific hazard that caused her injury, i.e., the difficulty in moving the [ramp], based on her previous experience in moving it; therefore, any warning would have been superfluous" (*Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968 [2004]), and plaintiffs failed to raise a triable issue of fact sufficient to defeat that part of Banner's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly.

In appeal No. 2, Banner and plaintiffs appeal from an order granting the motion of defendant Quinn Wright, also known as West Seneca Welding (West Seneca), seeking summary judgment dismissing the complaint against it and denying the cross motions of Banner and plaintiffs seeking, inter alia, to strike the answer of West Seneca based on its spoliation of evidence. We conclude that the court properly granted West Seneca's motion and denied the cross motions of Banner and plaintiffs. Ban-

ner and plaintiffs failed to establish that the loss of the ramp at issue involved bad faith or that such loss rendered them unable to prosecute their claims or defenses (*see Denoyelles v Gallagher*, 40 AD3d 1027 [2007]; *Mylonas v Town of Brookhaven*, 305 AD2d 561, 562-563 [2003]), and the court therefore providently exercised its discretion in denying that part of their cross motions to strike West Seneca's answer. We further conclude that West Seneca established that it did not perform any maintenance or repair work on the ramp before plaintiff's accident, and neither Banner nor plaintiffs raised a triable issue of fact (*see Siagkris v K & E Mech.*, 248 AD2d 458 [1998]; *see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.