RLI INSURANCE COMPANY, Respondent-Appellant, v WILLIAM STEELY, Respondent-Appellant, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. [932 NYS2d 80]—

The defendant William Steely sought insurance coverage for a boating accident pursuant to, inter alia, a homeowner's policy issued to him by the defendant New York Central Mutual Fire Insurance Company (hereinafter NY Mutual), and an umbrella policy issued to him by the plaintiff, RLI Insurance Company. Based on a provision in the NY Mutual policy excluding coverage if Steely owned the "outboard engine" on the date of the accident, NY Mutual denied coverage. The plaintiff commenced this action for a judgment declaring, among other things, that NY Mutual was obligated to provide primary insurance coverage to Steely, asserting that he did not, in fact, own the outboard engine on the date of the accident. Instead, the plaintiff alleged, nonparty James Banford, Steely's former brother-in-law and friend, owned the outboard engine. Thus, according to the plaintiff, its coverage obligation was excess to the coverage obligation of NY Mutual (*see RLI Ins. Co. v Steely*, 65 AD3d 539 [2009]).

NY Mutual moved for summary judgment, in effect, declaring

that it was not obligated to provide coverage, and dismissing all cross claims insofar as asserted against it. Steely cross-moved for summary judgment on his cross claim against NY Mutual for a judgment declaring that it is obligated to provide him with insurance coverage. The Supreme Court denied the motion and cross motion. NY Mutual then moved for leave to reargue and renew its prior motion. The Supreme Court denied that branch of NY Mutual's motion which was for leave to reargue, finding that it had not overlooked or misapprehended any matters of fact or law. Further, upon granting renewal, the Supreme Court adhered to so much of its prior determination as denied NY Mutual's motion.

The Supreme Court properly denied the respective parties' motion and cross motion for summary judgment. A certificate of title is prima facie evidence of ownership (*see Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2010]; *Dobson v Gioia*, 39 AD3d 995, 998 [2007]; *Corrigan v DiGuardia*, 166 AD2d 408, 409 [1990]). While NY Mutual contends that the certificate of title to the boat, which was issued by the State of Florida and was in the name of Banford on the date of the accident, was not prima facie proof of ownership of the outboard engine (*see* Vehicle and Traffic Law § 2101 [n]; §§ 2104, 2108 [c]; § 2250), there is nothing in the record to suggest that the boat was purchased apart from the outboard engine, or that the ownership of one was ever separate from the other. Thus, contrary to NY Mutual's contention, the certificate of title to the boat, along with the affidavits of Steely and Banford averring that Banford had merely permitted Steely the temporary use of the boat, was prima facie proof that Banford, and not Steely, owned the boat's outboard engine.

However, the evidence submitted by NY Mutual raised a triable issue of fact sufficient to rebut the presumption of ownership created by the certificate of title as to whether Steely had "dominion and control" over the outboard engine such that he should be considered a de facto owner (*Dobson v Gioia*, 39 AD3d at 998-999, quoting *Matter of Vergari v Kraisky*, 120 AD2d 739, 740 [1986]; *see Corrigan v DiGuardia*, 166 AD2d at 409). In this regard, Steely testified during his deposition that he paid for the maintenance costs of the boat, and he used it as much as Banford did prior to the accident. Steely further testified that he provided Banford with $15,500 to help him pay off the loan he used to purchase the boat, for which Steely did not expect to be repaid, and that when he subsequently purchased the boat from Banford after the accident, he paid only half of its estimated value. Nevertheless, this evidence, while sufficient to

raise an issue of fact as to whether Steely was a de facto owner of the outboard engine, did not establish, as a matter of law, that he was a de facto owner and not merely a permissive user of the boat and its outboard engine. The new facts offered by NY Mutual upon renewal of its motion for summary judgment, in effect, declaring that it was not obligated to provide the subject insurance coverage, and dismissing cross claims insofar as asserted against it, were not sufficient to warrant changing the original determination (*see* CPLR 2221 [e]; *Weitzenberg v Nassau County Dept. of Recreation & Parks*, 53 AD3d 653, 654 [2008]).

Accordingly, the Supreme Court properly denied Steely's cross motion for summary judgment on his cross claim against NY Mutual for a judgment declaring that it is obligated to provide him with insurance coverage in the underlying action, and, upon renewal, properly adhered to so much of the original determination as denied NY Mutual's motion for summary judgment, in effect, declaring that it was not obligated to provide the subject insurance coverage, and dismissing all cross claims insofar as asserted against it. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.

---

Motion by New York Central Mutual Fire Insurance Company to strike the brief of Max Sanchez on the ground that he is not a party respondent on appeals and cross appeals from two orders of the Supreme Court, Westchester County, one dated January 6, 2010, and the other entered October 13, 2010. By decision and order on motion of this Court dated June 16, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeals, it is

Ordered that the motion is granted, and the brief of Max Sanchez is stricken and has not been considered in the determination of the appeals and cross appeals. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.