# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**121**

**CA 13-00510**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

PAULA J. JOHNSON, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF RUSSELL E.
JOHNSON, DECEASED, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MOHAMMAD AYYUB, M.D., WELLSVILLE RADIOLOGY,
P.L.L.C., DEFENDANTS-APPELLANTS,
JONES MEMORIAL HOSPITAL, ET AL., DEFENDANTS.

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

DWYER, BLACK & LYLE, LLP, OLEAN (JEFFREY A. BLACK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered October 4, 2012.  The order, among
other things, denied the cross motion of defendants Mohammad Ayyub,
M.D. and Wellsville Radiology, P.L.L.C. for dismissal or summary
judgment, on the grounds of spoliation of evidence.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this medical malpractice action
seeking damages arising from the death of her husband (decedent), who
died of lung cancer in May 2009.  In January 2006, decedent had a CT
scan taken of his chest at defendant Jones Memorial Hospital
(hospital).  Mohammad Ayyub, M.D. (defendant), a radiologist, reviewed
films of decedent's lungs taken from the CT scan and observed no
abnormalities or signs of cancer.  Approximately two years later,
decedent was diagnosed with Stage IV lung cancer with metastasis to
the brain.  According to the amended complaint, defendant was
negligent in, among other things, "failing to appropriately and
accurately interpret the radiology films" taken of decedent's chest,
and in failing to diagnose his lung cancer.

During the pendency of this action, it was discovered that the
"lung window" films reviewed by defendant are missing.  According to
the hospital, the films were included in a packet of decedent's
medical records picked up by plaintiff from the hospital in May 2008.
Plaintiff acknowledges that she picked up decedent's medical records
from the hospital but maintains that the films were not included

therein.  Defendant cross-moved for, inter alia, dismissal of the amended complaint based on spoliation of evidence, contending that he cannot defend the action without the films.  Following a fact-finding hearing, Supreme Court determined that the films were lost by either plaintiff or the hospital but denied defendant's request to dismiss the amended complaint.  The court stated that, instead, it would give an adverse inference charge at trial against either plaintiff or the hospital "if it finds that one or the other was the responsible party, or none at all."  Defendant contends that the court abused its discretion in failing to dismiss the amended complaint as a sanction for spoliation of evidence.  We reject that contention.

It is well settled that trial courts have "broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (*Iannucci v Rose*, 8 AD3d 437, 438; *see McFadden v Oneida, Ltd.*, 93 AD3d 1309, 1311), and the striking of a pleading is warranted only where the spoliation results from the intentional destruction of evidence or where a party's ability to defend the action is " 'fatally compromised' " (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718; *see Call v Banner Metals, Inc.*, 45 AD3d 1470, 1471-1472; *Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1086).  Here, there is no evidence that plaintiff intentionally destroyed the "lung window" films that were reviewed by defendant.  In fact, as the court noted in its decision, it is not even clear that plaintiff was responsible for the loss of the films.  Moreover, we conclude that the loss of the films does not fatally compromise defendant's ability to defend the action, inasmuch as the films may be recreated from the "standard views" of the CT scan, which are stored on an available compact disc.  Under the circumstances, it cannot be said that the court abused its discretion in refusing to impose the drastic sanction of dismissal.

We have reviewed defendant's remaining contentions and conclude that, to the extent that they are properly before us, they lack merit.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court