■ Silvia Buto, Appellant, v Town of Smithtown, Respondent, et al., Defendants. [994 NYS2d 366]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered July 24, 2013, which granted the motion of the defendant Town of Smithtown for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Town of Smithtown for summary judgment dismissing the complaint insofar as asserted against it is denied, with leave to renew upon the completion of discovery.

The plaintiff allegedly sustained personal injuries when she tripped and fell as a result of an alleged defect on a curb near a catch basin/sewer in the Town of Smithtown. The curb was part of a roadway owned by the State of New York.

The Town moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it did not own the roadway and, therefore, had no duty to maintain the curb. In opposition, the plaintiff contended, among other things, that Highway Law § 12 (5) imposes a duty upon a town to maintain curbs on state-owned highways that have been widened by the town (*cf. Nado v State of New York*, 161 Misc 2d 178, 184 [Ct Cl 1993]; *Grace v State of New York*, 47 Misc 2d 253, 256 [Ct Cl 1965]), and, as such, the Town's mo-

tion was premature inasmuch as the Town failed to provide disclosure as to whether it widened the subject roadway.

"A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *see* CPLR 3212 [f]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988]). Here, in opposition to the Town's motion, the plaintiff demonstrated that the Town failed to disclose whether it widened the subject roadway at the location of the occurrence, a fact exclusively within the knowledge and control of the Town. Accordingly, the Supreme Court should have denied, as premature, the Town's motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew upon the completion of discovery. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.