*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    518197
_____

KATHY WEISS et al.,
    Individually and as Parents
    and Guardians of JONAH
    WEISS, an Infant,
                        Appellants,        MEMORANDUM AND ORDER

        v

BELLEVUE MATERNITY HOSPITAL,
                        Respondent,
                        et al.,
                        Defendants.
_____


Calendar Date:  September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____


    Feeney, Centi & Mackey, Albany (L. Michael Mackey of
counsel) and Rosenblum, Ronan, Kessler & Sarachan, Albany
(Michael W. Kessler of counsel), for appellants.

    Petrone & Petrone, PC, Williamsville (James H. Cosgriff III
of counsel), for respondent.

_____


Peters, P.J.

    Appeal from that part of an order of the Supreme Court
(Clark, J.), entered August 28, 2013 in Schenectady County, which
denied plaintiffs' motion to strike defendant Bellevue Maternity
Hospital's answer.

    In January 2000, plaintiff Kathy Weiss (hereinafter the
mother) gave birth to a son at defendant Bellevue Maternity
Hospital.  Almost 10 years later, plaintiffs commenced this

medical malpractice action alleging that defendants failed to properly manage the mother's labor and failed to timely deliver the child by cesarean section, thereby causing him to suffer a profound hypoxic brain injury that has rendered him totally and permanently disabled. During the course of discovery, plaintiffs learned that the mother's labor and delivery records had been destroyed in 2008 pursuant to the records retention policy of Bellevue's successor, Ellis Hospital. Plaintiffs thereafter moved to strike Bellevue's answer on the grounds of spoliation of evidence, as well as its failure to fully comply with court orders concerning disclosure. Supreme Court denied plaintiffs' motion, and this appeal ensued.

Supreme Court possesses broad discretion to determine what sanction, if any, to impose for the spoliation of evidence, and its determination will remain undisturbed absent a clear abuse of that discretion (see State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1295 [2012], lv denied 20 NY3d 858 [2013]; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1166 [2010]). Mindful that striking a pleading is a drastic penalty to impose absent willful or contumacious conduct, "[c]ourts will look to the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as a matter of elementary fairness" (Miller v Weyerhaeuser Co., 3 AD3d 627, 628 [2004], lv dismissed 3 NY3d 701 [2004], appeal dismissed 5 NY3d 822 [2005] [internal quotation marks and citations omitted]; see Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d at 1167; Puccia v Farley, 261 AD2d 83, 85 [1999]). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Steuhl v Home Therapy Equip., Inc., 23 AD3d 825, 826-827 [2005] [internal quotation marks and citation omitted]; accord Dobson v Gioia, 39 AD3d 995, 998 [2007]; see Lawrence Ins. Group v KPMG Peat Marwick, 5 AD3d 918, 920 [2004]).

Here, the operations manager of Ellis Hospital's Health Information Services Department explained that both Bellevue and Ellis had consistent policies of retaining adult records for six years following discharge and infant records until the child turned 21, as they were required to do by law (see 10 NYCRR

405.10 [a] [4]).  While acknowledging that a mother's labor and delivery records may contain important information relevant to the infant's health, this individual explained that labor and delivery records are part of the mother's records and are not separated from other adult medical records prior to their destruction.  As Supreme Court found, there is no indication in the record that Bellevue or Ellis acted maliciously or in bad faith in discarding the records, which they did in the regular course of business in accordance with hospital policy and a reasonable reading of the regulatory requirements (see Dobson v Gioia, 39 AD3d at 998; Steuhl v Home Therapy Equip., Inc., 23 AD3d at 826-827; Hemingway v New York City Health & Hosps. Corp., 13 AD3d 484, 484-485 [2004]).

Nor have plaintiffs established that the unavailability of the labor and delivery records "'fatally compromised [their] ability' to prosecute this action" (Gotto v Eusebe-Carter, 69 AD3d 566, 568 [2010], quoting Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718 [2009]).  Plaintiffs have access to other pertinent records – including fetal heart rate monitoring strips and a biophysical profile report containing critical information regarding the child's risk factors during the labor and delivery – and have the opportunity to depose, among others, the mother's obstetrician, defendant Clifford Elson, and hospital personnel regarding the events that transpired (see Johnson v Ayyub, 115 AD3d 1191, 1192-1193 [2014]; Madkins v State of New York, 82 AD3d 1174, 1174 [2011]; Gotto v Eusebe-Carter, 69 AD3d at 568; compare Baglio v St. John's Queens Hosp., 303 AD2d 341, 342-343 [2003]).  Under all of the circumstances, we cannot say that Supreme Court abused its discretion in declining to strike Bellevue's answer due to the unavailability of the mother's labor and delivery records.[1]

---

[1]  Supreme Court did not err in declining to consider arguments contained in the reply affidavits submitted by plaintiffs on the motion, as these submissions were an improper vehicle for raising new arguments (see CPLR 3211 [e]; Matter of Albany County Dept. of Social Servs. v Rossi, 62 AD3d 1049, 1050 [2009]; Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [1992]).

Nor are we persuaded that Bellevue's failure to fully comply with prior disclosure orders warrants such a drastic penalty. Despite some initial inconsistent responses, Bellevue ultimately reported that the mother's labor and delivery records had been discarded in 2008 pursuant to hospital policy and that, although attempts had been made to locate a copy of Bellevue's record retention/destruction policy prior to its merger with Ellis, no such document had been found. Although, at the time of the motion, Bellevue had yet to provide a list of labor and delivery nurses who were on staff for the child's birth and offered no explanation as to why some, but not all, of the mother's hospital chart was in counsel's possession, Supreme Court chose to provide Bellevue one last opportunity to comply with the disclosure orders and warned that the failure to do so within 30 days would result in the imposition of sanctions. Supreme Court's resolution of the issue fell within its broad discretion, and we find no reason to disturb it (see Bedell v Rocking Horse Ranch Corp., 94 AD3d 1389, 1391 [2012]; Kauffman v Triborough Bridge & Tunnel Auth., 295 AD2d 171, 171-172 [2002]).

Lahtinen, Stein, Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court