■ Sandra Knapp, Appellant, v Town of Hempstead, Respondent. [13 NYS3d 218]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 16, 2014, which denied her motion pursuant to CPLR 3124 to compel further discovery and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion pursuant to CPLR 3124 to compel further discovery is granted, and the defendant's cross motion for summary judgment dismissing the complaint is denied as premature, without prejudice to renew following the completion of discovery.

On October 11, 2010, the plaintiff allegedly was injured when she fell in a parking lot at the Bellmore Long Island Railroad Station located in the Town of Hempstead. In November 2011, the plaintiff commenced this action against the Town alleging, inter alia, that it was negligent in its maintenance of the subject parking lot. In January 2012, the Town interposed a verified answer. In April 2013, the plaintiff deposed the Town's highway crew chief. Several months thereafter, the plaintiff moved pursuant to CPLR 3124 to compel the defendant to fully respond to her discovery demands and to her first notice of supplemental discovery and inspection. In response, the Town cross-moved for summary judgment dismissing the complaint.

The Supreme Court denied the plaintiff's motion and granted the Town's cross motion. The plaintiff appeals.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Maya v Town of Hempstead*, 127 AD3d 1146, 1148 [2015]; *see Gonzalez v Town of Hempstead*, 124 AD3d 719, 720 [2015]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Barnes v Incorporated Vil. of Port Jefferson*, 120 AD3d 528, 529 [2014]; *see* Town of Hempstead Code § 6-1; *Masotto v Village of Lindenhurst*, 100 AD3d 718, 719 [2012]). Both of these exceptions were alleged in the complaint.

"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). Under the circumstances of this case, we find that it was premature to award summary judgment to the defendant at this stage of the action on the ground that there was no prior written notice, or the absence of any recognized exceptions thereto (*see* CPLR 3212 [f]; *Gruenfeld v City of New Rochelle*, 72 AD3d 1025, 1026 [2010]). Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3124 to compel further discovery and denied, as premature, the defendant's cross motion for summary judgment dismissing the complaint, with leave to renew upon the completion of discovery (*see Buto v Town of Smithtown*, 121 AD3d 829, 830 [2014]). Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.