■ Pedro Torres-Ruiz, Respondent, v Luxor Transport Corp., Respondent-Appellant, and Fleet Simgad Corporation, Appellant-Respondent, et al., Defendant. [24 NYS3d 736]—In an action to recover damages for personal injuries, the defendant Fleet Simgad Corporation appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 15, 2014, as, upon, in effect, converting its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it into a motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, denied the motion with leave to renew following the completion of discovery, and the defendant Luxor Transport Corp. cross-appeals, as limited by its brief, from so much of the same order as, upon, in effect, converting its cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it into a cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, denied the cross motion with leave to renew following the completion of discovery.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs.

The plaintiff allegedly was injured when he was struck by a motor vehicle driven by the defendant Dramone Traore. The defendant Fleet Simgad Corporation (hereinafter Fleet) was listed in the vehicle's title as the owner of the vehicle, but the vehicle was registered to the defendant Luxor Transport Corp. (hereinafter Luxor). The vehicle had been leased to Traore, who was alleged to be an employee of Luxor and Fleet, pursuant to a lease agreement which listed Fleet and Luxor as the lessors. The plaintiff commenced this action against Traore, Fleet, and Luxor.

The Supreme Court properly denied, with leave to renew following the completion of discovery, Fleet's motion and Luxor's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Under the circumstances of this case, the motion and the cross motion were premature (see CPLR 3212 [f]; Knapp v Town of Hempstead, 130 AD3d 579, 580 [2015]; Buto v Town of Smithtown, 121 AD3d 829, 830 [2014]; Johnson v Richardson, 120 AD3d 767, 768 [2014]). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.