Portillo v Carlson (2018 NY Slip Op 08520)





Portillo v Carlson


2018 NY Slip Op 08520


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07685
 (Index No. 32511/10)

[*1]Rene Orlando Portillo, appellant,
v
Kevin Carlson, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for appellant.
Karen L. Lawrence (Law Offices of James F. Sullivan, P.C., New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 2, 2016. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3124 to compel discovery, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion pursuant to CPLR 3124 to compel discovery is granted, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is denied as premature, without prejudice to renew upon the completion of discovery.
The plaintiff allegedly was injured on October 25, 2007, when he was struck by a motor vehicle while riding his bicycle. Thereafter, the plaintiff commenced this action against the defendant, alleging that the defendant, inter alia, owned and controlled the vehicle. The defendant denied this allegation in his answer. During their depositions, the defendant and his wife, nonparty Diane Showman-Carlson (hereinafter Diane), each testified that Diane was operating the subject vehicle at the time of the accident, the title and registration to the vehicle were in Diane's name, and they had one insurance policy together covering all of the family's vehicles, including the subject vehicle.
The plaintiff subsequently served a notice for discovery and inspection on the defendant, seeking an executed authorization for all documentation in the possession of the subject vehicle's insurer relating to that vehicle and the accident. Thereafter, the plaintiff moved pursuant to CPLR 3124 to compel the defendant to produce the requested authorization. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the cross motion on the basis that the defendant made a prima facie showing that he was not the owner or operator of the subject vehicle, which the plaintiff failed to rebut. In addition, the court, among other things, denied the plaintiff's motion to compel discovery as academic. The plaintiff appeals.
"A certificate of title is prima facie evidence of ownership" (Zegarowicz v Ripatti, 77 AD3d 650, 653; see Vehicle and Traffic Law §§ 128, 2101[g]; 2108[c]; Dorizas v Island Insulation Corp., 254 AD2d 246, 247). However, this presumption may be rebutted by evidence demonstrating that another individual owns the subject vehicle (see Zegarowicz v Ripatti, 77 AD3d at 653; Spratt v Sloan, 280 AD2d 465, 466; Dickerson v Diaz, 256 AD2d 435, 436; Dorizas v Island Insulation Corp., 254 AD2d at 247; Young v Seckler, 74 AD2d 155). This may include evidence that a person other than the title holder exercised "dominion and control" over the vehicle (RLI Ins. Co. v Steely, 88 AD3d 975, 977; see Terranova v Waheed Brokerage, Inc., 78 AD3d 1040, 1040; Estate of Zimmerman v Mitsubishi Motors Credit of Am., Inc., 34 AD3d 628, 629; Spratt v Sloan, 280 AD2d at 466; Young v Seckler, 74 AD2d at 158).
Here, documents from the insurer concerning the vehicle and the accident are material and relevant to the issue of whether the defendant exercised dominion and control over the vehicle (see Corrigan v DiGuardia, 166 AD2d 408; Young v Seckler, 74 AD2d at 157-158). Accordingly, the Supreme Court should have granted the plaintiff's motion to compel the defendant to provide an executed authorization for documents in the insurer's possession concerning the vehicle and the accident (see Knapp v Town of Hempstead, 130 AD3d 579, 580). It was, therefore, premature to grant that branch of the defendant's cross motion which was for summary judgment dismissing the complaint based upon his submission of evidence showing that Diane was the owner of the vehicle and the plaintiff's failure to rebut that evidence (see CPLR 3212[f]; Marrone v Miloscio, 145 AD3d 996, 998; Knapp v Town of Hempstead, 130 AD3d at 580; Buto v Town of Smithtown, 121 AD3d 829, 830).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court