Fernandez v Feoktistov (2025 NY Slip Op 04084)

Fernandez v Feoktistov

2025 NY Slip Op 04084

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-01812
 (Index No. 562/22)

[*1]Javier Fernandez, respondent, 
v
Aleksander Feoktistov, et al., appellants.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for appellants.
Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 31, 2024. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to serve a second amended summons and second amended complaint to add Marianna Feoktistov as an additional defendant.
ORDERED that the order is affirmed, with costs.
On September 8, 2022, the plaintiff allegedly was injured when he was struck by a vehicle operated by the defendant Daniel Feoktistov and owned by the defendant Aleksander Feoktistov (hereinafter Aleksander). The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained during the accident.
Thereafter, the plaintiff moved pursuant to CPLR 3025(b) for leave to serve a second amended summons and a second amended complaint to add Marianna Feoktistov (hereinafter Marianna), Aleksander's wife, as an additional defendant on the ground that she co-owned the subject vehicle. In an order dated January 31, 2024, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"In the absence of prejudice or surprise, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Garanin v Hiatt, 219 AD3d 960, 960; see CPLR 3025[b]; Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Oppedisano v D'Agostino, 196 AD3d 497, 498; see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 854; Lucido v Mancuso, 49 AD3d 220, 229). "'No evidentiary showing of merit is required under CPLR 3025(b)'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting Lucido v Mancuso, 49 AD3d at 229).
"A certificate of title . . . is prima facie evidence of the facts appearing on it" (Vehicle and Traffic Law § 2108[c]; see Portillo v Carlson, 167 AD3d 792, 793; Corrigan v DiGuardia, 166 [*2]AD2d 408, 409). Here, the defendants produced a certificate of title dated two weeks after the accident. Although the date of the certificate of title was not raised as an issue, the question of whether any presumption arising from the certificate of title was "rebutted by evidence demonstrating that another individual owns the subject vehicle" was raised; such evidence "may include evidence that a person other than the title holder exercised 'dominion and control' over the vehicle'" (Portillo v Carlson, 167 AD3d at 793, quoting RLI Ins. Co. v Steely, 88 AD3d 975, 977; see Corrigan v DiGuardia, 166 AD2d at 409; Young v Seckler, 74 AD2d 155, 157).
The fact that Marianna was a named co-insured of the vehicle created an issue as to de facto ownership sufficient to justify leave to serve a second amended summons and second amended complaint to add her as party to the action (see Young v Seckler, 74 AD2d at 157). Although the admissibility of the insurance policy is contested, Marianna's status as a named co-insured on that policy is not contested, and Aleksander acknowledged that Marianna was named as a primary insured on the policy.
Accordingly, the plaintiffs' motion pursuant to CPLR 3025(b) for leave to serve a second amended summons and second amended complaint to add Marianna Feoktistov as an additional defendant was properly granted.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court